## DAVENPORT *v.* BARNETT.

PLEADING.—*Former Adjudication.*—It is not necessary, in pleading a former adjudication, to file a copy of the judgment.

SAME.—A junior mortgagee filed his complaint to foreclose, making a senior mortgagee a party and alleging that the senior mortgagee had been paid, and that he, with others named, was combining to cheat the junior mortgagee out of his debt by enforcing payment again; and there was judgment of foreclosure and sale was had; afterwards the senior mortgagee brought suit to foreclose, and made the junior mortgagee a party, who, for answer, pleaded the former adjudication, and alleged that the senior mortgagee was duly notified of the pendency of the former action, and by failing to answer or deny the facts alleged, confessed the same.

*Held,* that the answer was good on demurrer.

SAME. — Where a valid judgment exists, although there may have been errors in the proceedings, it may be pleaded as a former adjudication of the matters embraced in the issues in the action wherein it was rendered.

SAME.—*Parties.*—Any of the parties to an action, between whom issues have been formed and determined, may, in a subsequent action, where the same issues are tendered, plead a former adjudication, as between them, although the parties to the different actions may not all be the same persons.

From the Madison Circuit Court.

*H. D. Thompson* and *N. O. Ross,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

DOWNEY, J.—The appellee sued to foreclose a mortgage, making defendants to the action Vachel Quick, Mary Quick, his wife, Andrew J. Smith, Lucien Davenport, Robert F. Wells and William Barton.

It is averred in the complaint, that Quick and wife, on the 29th day of November, 1865, executed to Thomas B. Smith a mortgage on certain real estate, as security for the payment of four notes executed by said Quick to said Thomas B. Smith; one for two thousand dollars, due December 25th, 1866; one for two thousand one hundred and twenty dollars, due December 25th, 1867; one for two thousand two hundred and forty dollars, due December 25th, 1868; and the last for two thousand three hundred and sixty dollars, due December 25th, 1869; that the first of the notes had been paid; that

the other three notes, copies of which are filed, were endorsed by the payee to the plaintiff; that the note for two thousand one hundred and twenty dollars was due and remained unpaid, but the other two were not due; that the mortgage was duly recorded, etc., on the 22d day of March, 1866; that on the 28th day of August, 1866, Quick sold and conveyed said real estate to Robert F. Wells, whose deed therefor has been duly recorded; that said Wells, with his wife, then and there executed to Quick a mortgage on said real estate to secure the purchase-money, to wit, one note due sixteen months after date, for two thousand one hundred and twenty dollars; one due twenty-eight months after date, for two thousand two hundred and forty dollars; one due twenty-eight months after date, for one thousand and sixty-four dollars; one due forty months after date, for two thousand three hundred dollars; one due forty months after date, for one thousand and forty dollars; that all of said notes, except the one due twenty-eight months after date, for one thousand and sixty-four dollars, and one other of said notes, subsequently passed into the hands of said Andrew J. Smith by endorsement from Quick, and said Smith and Lucien Davenport are now the owners and holders of the notes endorsed to Smith by Quick, and said Quick still holds the others; that William Barton, at the September term, 1867, of the Madison Common Pleas, recovered judgment against said Wells for the sum of one hundred and nine dollars; and said plaintiff avers that said mortgage by Wells to Quick and said judgment in favor of said Barton are subsequent to and subject to the payment of said mortgage made to said Smith and assigned to said plaintiff. Prayer for judgment for eight thousand dollars, for the foreclosure of the equity of redemption, and the sale of the mortgaged premises.

The action was dismissed as to Barton. Davenport answered in three paragraphs. The action was then dismissed as to Davenport. Next, on petition of Davenport and Abner C. Brownell, they were made parties to the action as defendants. Thereupon, the cause was submitted to the

court for hearing and determination as to the defendants Quick and wife, on the complaint, default and evidence; and there was a finding and judgment for the plaintiff for the amount due on the matured note, the amount which would be due at maturity of the other note, for the fore-closure of the mortgage, etc.

Next, there was a reply filed to the answer of Davenport and Brownell, a pleading not found in the record, by general denial.

The cause was then continued for a term or two, when the defendant Davenport, on leave granted, filed a fourth paragraph of answer, alleging that on the 10th day of January, 1868, he filed his complaint in that court against Robert F. Wells, Margaret E. Wells, Andrew J. Barnett, Vachel C. Quick, Mary Quick, Thomas B. Smith and Abner C. Brownell, in which he set up and charged, among other things, that on the 28th day of August, 1866, Robert F. Wells, being the owner of the real estate described in the complaint, made his two several notes of that date, payable to Vachel C. Quick, each for the sum of two thousand dollars, and executed to Quick a mortgage, in which his wife joined, upon the same premises mentioned in the complaint, to secure the payment of the same, with others, which notes and mortgage had been assigned to Davenport, the plaintiff therein; that Andrew J. Barnett, the plaintiff in this suit, claimed to have a mortgage, older than that of Davenport, on the same real estate, to secure the payment of over seven thousand dollars, which he held as assignee of Thomas B. Smith, and alleging that said mortgage had been paid, and that Barnett, Quick and Smith had combined to cheat this defendant out of his said debt by enforcing the payment of said supposed debt of Barnett, which had already been paid; and this defendant further says that said Barnett, Quick and Smith were each duly notified of the commencement and pendency of said suit in the said court, and appeared to the same, and that such proceedings were had in that court, in said cause, that at the Janu-

ary term, 1869, etc., the matters and things in said complaint stated were by the plaintiff herein confessed by failing to answer or deny the same, and judgment was rendered against said Robert F. Wells on said notes for four thousand five hundred and ten dollars and forty-five cents, for foreclosure of the mortgage, and sale of the premises.

It is alleged that the mortgage set out by the plaintiff in his complaint, etc., is the same mortgage, and to secure the same debt which this court in its said judgment, etc., found to have been paid, etc. Wherefore, etc. A copy of the record pleaded is filed with the answer.

This paragraph of the answer was adjudged bad on demurrer, and there was an exception.

The court, on the hearing of the cause, found that the lien of the plaintiff's mortgage was paramount to that of the mortgage of Davenport, overruled a motion for a new trial made by him, and rendered judgment accordingly.

The record is in a very bad shape, and the parties were got into this court in an irregular way.

Andrew J. Smith, Robert F. Wells and William Barton have entered on the transcript that they decline to join in the appeal.

The appellant has assigned as error, *inter alia*, the sustaining of the demurrer to the fourth paragraph of his answer. It was unnecessary for the defendant to file with his answer a copy of the judgment of former adjudication. The rendition of judgment as against Quick and wife, before the issues were made between the plaintiff and Davenport, was probably premature, but it does not affect the substantial rights of Davenport.

The fourth paragraph of the answer shows that the appellee, Barnett, claimed under the senior mortgage, and Davenport under a junior mortgage on the same land; that Davenport commenced an action to foreclose his mortgage, making Barnett a defendant, with others, and alleging that the mortgage of Barnett had been paid off, and that Barnett, Quick and Smith had combined to cheat him out of his debt by

enforcing a second payment of the mortgage; that Barnett and others were duly notified of the pendency of the action; and that the matters alleged in the complaint were confessed by Barnett, and judgment was rendered in favor of the appellant of foreclosure, etc.

We do not see why this is not a valid adjudication as between the appellee and the appellant. The complaint alleged the payment of the mortgage sought to be foreclosed in this action, and the appellee in this action, who was a defendant in that, confessed the fact, and upon that state of facts the judgment was rendered. *Greenup* v. *Crooks*, 50 Ind. 410.

It is urged that there were errors committed by the court in the progress of the cause, the record of which is set up as a former adjudication. This is not material in this action. The judgment is valid, notwithstanding there may have been errors committed by the court. We do not say that errors were committed.

Again, it is urged that the court did not find in that action that the mortgage sought to be foreclosed in this case had been paid. We think, in effect, the court did this in the judgment rendered. The court found generally for the plaintiff, and in its judgment foreclosed the equity of redemption of all the defendants, including Barnett. This was equivalent to saying that, as against the claim of Davenport, under his mortgage, Barnett had no lien upon or claim to the mortgaged premises.

It is also urged that the court, in the action which we are considering, committed an error in allowing Davenport to become a party to the action, and to file an answer. We do not see that it is so. But, suppose it is true, the question is in no way presented by the appellee. There are no cross errors assigned.

It is further urged, that as some of the parties in the action to foreclose the mortgage of Davenport were different from those in this action, the former adjudication cannot be used in this action. We think the difference of parties unim-

portant as between these parties.    They were both parties to that action, as they are both parties to this.

We need not consider other points which are urged, as the decision of this one disposes of the only question in the case.

The judgment, as between appellant and appellee, is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the fourth paragraph of the answer, and for further proceedings.