## No. 9777.

| 83 | 575 |
| 146 | 48 |

## HARRISON *v.* THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY ET AL.

ESTOPPEL.—*Judgment.—Collateral Attack.*—A decree of the U. S. Circuit Court taken on default of a party, adjudging that his interest in land is junior and subordinate to the rights of the plaintiff thereby established, estops the party thus defaulted to maintain a suit in the State court to establish his title as paramount against the other party.

SAME.—A judgment, not void but merely erroneous, of the United States Circuit Court, estops the parties thereto to attack it collaterally in another suit.

From the Grant Circuit Court.

*J. L. Custer,* for appellant.

*J. E. McDonald, J. M. Butler* and *G. C. Butler,* for appellees.

ELLIOTT, J.—The appellant claims title to land in Grant county upon a certificate issued by the auditor of that county on a sale made upon foreclosure of a school fund mortgage.

The controlling question in the case is whether the appellant is concluded by a judgment rendered by the United States Circuit Court, in a suit instituted by the appellee to foreclose a mortgage executed to it by one Parks, a former owner of the land.

The appellant was a party to that suit, and the bill charged that " the said George Harrison is claiming to hold a lien of some kind on said land in said deed described, and that such interest, if any there be, is junior and subsequent to the lien of the orator." Process was served and the appellant suffered default, and a decree was entered declaring the li ·· of the appellee paramount to any title or interest of the appellants.

We do not see how the appellants can avoid this judgment in a collateral manner. He admitted by his default the material allegations of the bill, and suffered a judgment to be pronounced declaring his right and title to be subordinate to that of the appellee. He certainly can not now be heard to aver that he has the paramount title. The appellant refers us to the case of *Pelton* v. *Farmin,* 18 Wis. 234, where a party, proceeded against as a subsequent encumbrancer, attempted to set up a paramount title, and it was held that he could not do so. That case has no application here, for the bill did not proceed against the appellant merely as a subsequent encumbrancer, but challenged him to litigate the question of seniority of right. Another reason why the rule adopted in the case cited must be deemed inapplicable is, that the statute of the State of Wisconsin is, as we infer from the statement in the opinion, very different from ours. It is the policy of our code to settle controversies in one action and not encourage multiplicity of actions. R. S. 1881, section 268.

But if it were conceded that appellant was not a proper party, and that the United States court did wrong in rendering

judgment, it would not avail him ; for the judgment, although erroneous, allowing the verity of the concession, would not be void, and a judgment not void can not be prevailed against in a collateral attack.   It would be strange, indeed, if the State courts should have a right to review the judgments of the federal tribunals.   It can not be necessary to cite authorities in support of this principle, but we may be pardoned for referring to *Board, etc., v. Mineral Point, etc., R. R. Co.,* 24 Wis. 93, where the earlier case is explained and shown not to apply in cases of collateral attacks, or to cases where the parties both claim through the same mortgagor.

The case of *Unfried* v. *Heberer,* 63 Ind. 67, does not lend appellant any support.   It is no doubt true, as there declared, that default only admits what is averred in the complaint, but we can not see what benefit the appellant can secure from this rule ; for it was averred that he did claim an interest adverse to appellee, and that it was junior and subordinate.

The appellant complains that the conclusion of law stated by the court is too general ; but, as no objection on this ground was made below, the question can not be presented on appeal. If a party desires the court to make its conclusions more specific, he must address the proper motion to the trial court.

Judgment affirmed.