Filed Nov. 26, 1883.

---

No. 9812.

## Hose v. Allwein, Sheriff, et al.

JUDGMENT.— *Former Adjudication.*— *Mortgage.*— *Foreclosure.*— *Injunction.*— *Priority of Lien.*—U. was the equitable owner, by its terms, of a judgment, which, standing in the name of N., was a lien upon lands of H., which H. afterwards mortgaged to W. To a suit by W. against H. to foreclose, U. was made a party defendant, and appeared and pleaded that the mortgage to W. was fraudulent, it being alleged against him that he held liens upon the lands *subsequent* to the mortgage; but he did not set up the judgment as a lien prior to W.'s mortgage. A trial by jury in 1876 resulted in a verdict for W., and a decree of foreclosure against all the defendants, including U., and under this decree W. purchased the lands, and at the proper time received a sheriff's deed. An execution upon the first named judgment was afterwards levied upon the lands, and B. H., the heir of W., then dead, brought suit against the sheriff and N., the nominal plaintiff in the judgment, to enjoin a sale under the execution. *Held*, that the decree in favor of W. concluded U., and, also, N., from asserting the priority of the lien of the first named judgment, and that B. H. was, upon the facts stated, entitled to an injunction.

PRACTICE.—*Failure to Require Reply.*—Where a defendant goes to trial without requiring a reply to his answer, its allegations will be regarded as controverted by a general denial.

From the Whitley Circuit Court.

*T. R. Marshall* and *W. F. McNagny*, for appellant.

*W. Olds*, for appellees.

ZOLLARS, J.—The legal questions in this case are presented by a single assignment, viz.: The sustaining of a demurrer to the complaint. The complaint is very lengthy, and intended to present a number of questions. From the view we take of the case, it will not be necessary for us to notice many of its averments. The purpose of the action is to enjoin the

sale of certain real estate upon an execution in the hands of Allwein, as sheriff. The facts averred in the complaint which we need notice are, substantially, these: On the 16th day of January, 1874, Jacob Hose and wife, appellant herein, executed and delivered to one Theresa Winter, a mortgage in the sum of $3,000 upon the lands described in the complaint. Prior to September 3d, 1873, said Jacob Hose had executed certain notes to one Charles Ulerick, and at the same time, with his wife, executed to said Ulerick a mortgage securing the same. This mortgage was upon lands, other than those described in the complaint. Prior to said date, appellee Nix had become surety for Ulerick upon a note of $500. To secure him against loss by reason of suretyship, Ulerick assigned to him one of the notes so executed by Hose. The assignment upon the notes was as follows:

"April 13th, 1872. This is given as collateral security on a note to Peter Nix; amount $500.        C. ULERICK."

Having become liable as such surety Nix, appellee, brought suit upon the note so assigned to him, and on the 3d day of September, 1873, recovered a judgment for the amount of the note, $1,141.62, and a foreclosure of the mortgage securing the same. The concluding portion of the judgment is as follows:

"And it is further found that said note and mortgage herein sued upon were given by the said Charles Ulerick to the said Jacob Nix as collateral security for the securement of said plaintiff upon a note held by Peter Nix, Sr., against the said Ulerick as principal and said Jacob Nix, plaintiff herein, as surety, which said note held by said Peter Nix, Sr., has been sued upon and judgment recovered against said Jacob Nix and defendant herein for $558.45. It is ordered that upon payment of said amount or satisfaction thereof, then any surplus shall be paid to said Charles Ulerick."

This judgment was so rendered at the request of Ulerick, and by agreement between him and Nix, as settling their rights in and to the judgment. On the 15th day of December,

1873, Nix caused an order of sale to issue upon the decree, and in January, 1874, bought in the mortgaged property for $700, by which he was fully indemnified; since which time he has had no further interest in the judgment, but the amount uncollected, if any, has belonged to said Ulerick.

At the September term, 1876, of the Whitley Circuit Court, Theresa Winter filed her complaint to foreclose the mortgage, and made parties defendants the makers, Jacob Hose and wife, Charles Ulerick, and other lien-holders. As to the defendants, other than the makers, it was averred, in her complaint, as follows: "And the plaintiff further complains and says that the other defendants, and each of them, have, or claim to have, liens upon said mortgaged premises by judgments or mortgage thereon, but plaintiff avers that their liens are subsequent to hers; and the plaintiff asks that they, and each of them, may be made defendants hereto, and required to set up any claim they may have on said premises, and that upon the sale of said premises upon an order of sale in this cause, the equity of redemption of all of said defendants may be forever barred and foreclosed, and for all other proper relief."

To this action Ulerick appeared and filed an answer. In addition to setting up a judgment against Jacob Hose, recovered in 1875, upon the notes above mentioned, and that the mortgage to Mrs. Winter, in suit, was fraudulent and void, the answer, so called, contained the following averments:

"That said Hose also gave this defendant one other note at said date for $1,000, secured by said mortgage on said premises (these were different lands from those claimed to be owned by the appellant), which note this defendant assigned to one Jacob Nix, who procured judgment against said defendant Hose for the amount due thereon, and judgment of foreclosure of said mortgage, and sold said mortgaged premises on said judgment of foreclosure, and purchased the same at such sale, and now holds the legal title." The prayer of said answer is as follows: "This defendant, therefore, asks that said

mortgage may be declared to be void as to him, and that the mortgaged premises be first subjected to the payment of the amount of the defendant's judgment herein described, and for other proper relief."

The cause was submitted to a jury, and after verdict for the plaintiff, Mrs. Winter, a decree was rendered foreclosing her mortgage against all the defendants, including Ulerick. An order of sale was issued upon this decree, the property was bought in by Mrs. Winter for the amount of her judgment, on the 7th day of July, 1877, and she paid the costs—$100. In July, 1878, she received a sheriff's deed. Theresa Winter died in 1879, and appellant being her daughter, and only heir at law, became the owner of the real estate in fee simple. In December, 1880, appellee Nix caused an execution to issue in his favor upon the judgment against Jacob Hose, and on the 18th day of January, 1881, appellee Allwein, as sheriff, levied the same upon the real estate thus inherited by appellant, and threatened to sell it as the property of Jacob Hose. It is this sale which appellant seeks to enjoin. In addition to the facts above set out, it is averred in the complaint that the question of the priority of liens upon said real estate, and the question of the validity and good faith of the Winter mortgage, were questions that arose in the pleadings and trial in the case of Winter v. Hose et al., and that the priority of the lien of the Winter mortgage was fully and finally adjudicated, passed upon and settled, as against any liens in favor of Ulerick. All of the facts so stated in the complaint were admitted by the demurrer to be true.

It must be clear, we think, that so much of the judgment rendered in favor of Nix against Jacob Hose, as is uncollected, if any, now belongs, and at the time Ulerick filed his answer did belong, to Ulerick, and not to Nix. Any amount that Nix might now collect upon the judgment he would hold in trust for Ulerick. This being so, the question arises, what are now the rights of Ulerick in relation thereto, as against appellant, whose title comes through the decree in the case of

Winter *v.* Hose, Ulerick *et al.* It was charged in the complaint in that case, as we have seen, that Ulerick had, or claimed to have, liens upon the real estate by mortgage or judgments, and that whatever liens he might have were junior and subordinate to the mortgage of the plaintiff, Mrs. Winter. This complaint challenged Ulerick to set up whatever liens he had, and to disclose their nature. As we have seen, he answered the judgment in his favor against Jacob Hose rendered in 1875; but while he referred to the judgment in the name of Nix against Hose, he did not set it up as a lien prior to that of the Winter mortgage, or otherwise—did not aver that anything was due upon it. Being the owner of the judgment upon which the sale is now threatened, and not having set it up, it is too late now to insist, either by himself or Nix, that it is a lien upon the real estate, prior and superior to the lien of the Winter mortgage. He had his day in court, and it was clearly his duty to have set up whatever claim he had, whether senior or junior. It was alleged in the complaint that his liens were junior, and it was so adjudicated in the foreclosure of the Winter mortgage as a senior lien.

This conclusion is in accord with the adjudications of this court and the decided weight of authority. *Ulrich* v. *Drischell*, 88 Ind. 354, and cases cited.

In answer to some of the arguments of the learned counsel for appellee, we cite *Ætna Life Ins. Co.* v. *Finch*, 84 Ind. 301; *Harrison* v. *Phœnix Mutual Life Ins. Co.*, 83 Ind. 575.

So far as counsel base an argument upon the fact that the foreclosure suit of Theresa Winter against Hose *et al.*, was tried without a reply to Ulerick's answer, it is sufficient to say that Ulerick, having gone to trial without taking a rule, and insisting upon a reply being filed, the allegations of his answer will be regarded as controverted by a general denial. Works Pr., section 693.

It results from what we have said that the judgment sought to be enforced by execution against the real estate of appellant can not be so enforced, the averments of the complaint

being taken as true, and that the demurrer to the complaint should have been overruled. Having reached this conclusion, we do not extend this opinion to examine and decide other questions made by the complaint and argued *pro* and *con* by counsel.

Judgment reversed, with costs, and cause remanded, with instructions to the court below to overrule the demurrer to the complaint.

Filed Nov. 26, 1883.