Craighead v. Dalton et ux.

No. 12,323.

CRAIGHEAD v. DALTON ET UX.

JUDGMENT.—*Former Adjudication.—Default.—Married Woman.—Mortgage of Land Derived from First Husband.—Action for Possession.*—While married a second time a woman executed a mortgage on land derived from her first husband. After her death a suit to foreclose the mortgage was brought and the children by the first marriage were made parties defendants to answer as to their interest. They were defaulted, and a decree of foreclosure was entered and the land was sold. Action by them to recover possession of the land.

*Held*, that the action is barred by the decree in the foreclosure suit.

From the Tipton Circuit Court.

*M. F. Cox, J. P. Kemp, C. E. Cox* and *E. P. Kellogg*, for appellant.

*R. B. Beauchamp* and *G. H. Gifford*, for appellees.

ELLIOTT, J.—The appellant alleges in his complaint that John W. Craighead died intestate in November, 1869, leaving as his heirs his widow, Martha Craighead, and his children, Robert B. Craighead and Charles Craighead; that John W. Craighead died the owner of the real estate described in the complaint; that this real estate was set apart to Martha Craighead as the widow of the intestate; that Martha Craighead married David J. George on the 17th day of September, 1872, and remained his wife until her death, in December, 1875; that the appellant's brother, Charles Craighead, died in October, 1878. The prayer of the complaint is for the possession of the land.

To this complaint the appellees answered, in substance, that on the 14th day of January, 1875, Martha George and David J. George executed to David Illges a mortgage on the land to secure the sum of five hundred dollars; that on the 17th day of January, 1876, Illges filed his complaint for the foreclosure of the mortgage; that Robert B. and Charles Craighead were made parties, and were served with process; that Robert B. Craighead suffered a default, and Charles Craighead answered by a guardian *ad litem;* that a trial was had and a decree rendered foreclosing the interests of all the defendants to the suit, and that on this decree the land was sold.

The decree in the foreclosure suit adjudicated the rights of all the parties properly before the court. Since the adoption of the code it has been the rule in this State that where parties are brought into court upon a complaint to foreclose a mortgage, and are challenged to assert such interest or title in the land as they may have, a decree adjudging that they have no title or interest will conclude them. One of the leading purposes of a suit to foreclose a mortgage is to secure such a decree as will enable the plaintiff to sell all the right and title that his mortgage covers, and enable a purchaser at the sale to ascertain what title it is that he buys. To attain this end it is necessary that all the claims held against the mortgaged premises should be adjusted in one suit. This the spirit of our code requires, for it makes ample provision for bringing all the interested parties into court, and for adjusting all conflicting claims and equities. The rule is a salutary one; it tends to repress litigation, gives confidence in public records, secures respect for judgments and decrees, and invests sheriff's sales with strength and certainty that do much to promote the interests of both debtor and creditor. But we need not pursue this discussion, for the question has often received consideration, and must be regarded as firmly settled. *Ewing* v. *Patterson,* 35 Ind. 326; *Greenup* v. *Crooks,* 50 Ind. 410; *Davenport* v. *Barnett,* 51 Ind. 329; *Harrison* v.

*Phœnix M. L. Ins. Co.*, 83 Ind. 575; *Ætna Ins. Co.* v. *Finch*, 84 Ind. 301; *Ulrich* v. *Drischell*, 88 Ind. 354, see auth. cited p. 360; *Hose* v. *Allwein*, 91 Ind. 497, *vide* p. 501; *Woodworth* v. *Zimmerman*, 92 Ind. 349; *Masters* v. *Templeton*, 92 Ind. 447; *Randall* v. *Lower*, 98 Ind. 255; *Barton* v. *Anderson*, 104 Ind. 578.

The appellant was not made a party simply as the heir of his deceased mother, but he was made a party to answer as to his interest in the mortgaged premises. He was challenged to assert his interest, and to show why the land should not be sold to pay the mortgage debt, and, not having asserted his rights when offered a full opportunity to do so, he can not now successfully assert any claim existing at the time the foreclosure suit was instituted.

The complaint in the foreclosure suit did not call the appellant into court in any particular capacity, nor did it require him to answer as to an interest derived from a particular source, but it called him into court to answer generally and challenged him to assert such rights as he had. The main averment of the complaint in the foreclosure suit was the execution of the mortgage, and this, of course, included the element of the power to execute it, so that the question of the power to execute the mortgage was in issue. It has often been decided that a judgment will bind a married woman although the instrument upon which the action was founded would have been adjudged void had a defence been made, and that principle applies here, for the power to execute the mortgage was in issue and the decree is conclusive. To hold otherwise would tend to make titles insecure, and to impair confidence in the decrees and judgments of the courts. The true and just rule is that a party who is given his day in court must meet and litigate all the issues tendered by the complaint. This principle is a familiar one in this court, for it was declared in the early case of *Fischli* v. *Fischli*, 1 Blackf. 360, and has been reaffirmed in a great number of cases. This is the only rule that will give stability to titles,

and secure respect for the judgments and records of the court, and we believe justice is promoted by closely adhering to it. While the courts of some other states have departed from it our court has adhered to it for many years, fully recognizing its beneficial effects in its practical operation upon the rights of judgment debtors as well as upon the rights of purchasers of lands sold upon judgments and decrees.

There could have been no right of action in the plaintiff in the foreclosure suit if there was no power to execute the mortgage. His cause of action depended entirely upon the validity of the instrument on which it was founded. In suing upon that instrument and in bringing the appellant into court to join issue upon the complaint, the plaintiff in that suit asked the appellant to litigate the validity of the mortgage and the right to foreclose it, and also to contest the right to sell the land described in it. In decreeing that the mortgage should be foreclosed the court necessarily adjudicated upon these questions, and where a matter has been adjudicated by a court having jurisdiction it is set at rest. It would be unjust to purchasers to permit one who has had an opportunity to make a defence to a mortgage and to assert his interest in the land to come in long afterwards and destroy the title founded on the decree. If that be the law titles founded on judicial decrees would be of little value, but it is not the law. It is more just that he should be the sufferer who neglects to avail himself of an opportunity to defeat a mortgage, than that a purchaser who buys upon the faith of a decree of a court should lose his purchase-money.

There can be no doubt that the appellant might have litigated every question affecting the rights of the mortgagee and his own in the foreclosure suit, and having this right it was his duty to do so. This is within the rule laid down in *Fischli* v. *Fischli, supra,* where it was said, of the doctrine of former adjudication, that "This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case."

This doctrine was applied to a case in principle essentially the same as the present, in *Elwood* v. *Beymer*, 100 Ind. 504. But the case before us does not require us to go so far as the cases referred to, for the point directly in issue in the foreclosure suit was the validity of the mortgage which constituted the basis of the action, and the relief prayed was the foreclosure of the mortgage and the sale of the land mortgaged, so that no decree could be rendered without directly adjudicating upon these matters.

There is a limited class of cases to which the general rule upon the subject of a former adjudication does not apply. That class is composed of cases in which the party is sued in a particular capacity, and is held to be bound only in the capacity in which he was sued. *Unfried* v. *Heberer*, 63 Ind. 67 ; *Elliott* v. *Frakes*, 71 Ind. 412 ; *Lord* v. *Wilcox*, 99 Ind., 491 ; Bigelow Estop. 65 ; Freeman Judg., section 156.

The case under examination, however, is not a member of that class, for the reason that the appellant was not sued in a particular capacity, but was brought into court to answer as to the issue tendered by the complaint, in his own right. Where a party is brought into court to answer as to his interest in his own right, he must do so, or the penalty of his neglect will be a conclusive judgment. *Carver* v. *Carver*, 97 Ind. 497 ; *Stockwell* v. *State, ex rel.*, 101 Ind. 1 ; *Lantz* v. *Maffett*, 102 Ind. 23. This doctrine is forcibly illustrated by the case of *Corcoran* v. *Chesapeake, etc., Co.*, 94 U. S. 741, where it was held that one who was a party both as a trustee and as a *cestui que trust* was bound by the decree.

The cases referred to in the able brief of appellant's counsel do not meet the question here presented, for the appellant was challenged to present whatever claim he had, and was asked to join issue upon the validity and effect of the mortgage, and, having failed to take advantage of his day in court, is concluded.

We can not examine the rulings in the foreclosure suit to ascertain whether they were or were not erroneous, for, con-

ceding that they were erroneous, still the judgment can not be impeached in this collateral manner. It is only judgments that are absolutely void that can be overthrown in a collateral attack.

What we have said disposes of all the legal questions in the case, and it is unnecessary to examine in detail the errors assigned.

Judgment affirmed.

Filed Jan. 23, 1886.