Bundy *v.* Cunningham *et al.*

No. 12,440.

BUNDY *v.* CUNNINGHAM ET AL.

PRACTICE.—*Admission of Evidence.*—*Objections to.*—Objections to the admission of evidence must be specifically stated to be available on appeal.

MORTGAGE.—*Foreclosure.*—*Parties.*—*Titles.*—Where one is made a party defendant to a suit to foreclose a mortgage, it is necessary for him to set up his interest, as the purpose of the statute upon the subject of parties defendants is to settle all conflicting titles and to determine the whole controversy in one suit.

JUDGMENT.—*Foreclosure of Mortgage.*—*Adjudication of Titles.*—*Conclusiveness.* —A decree, in a suit to foreclose a mortgage, adjudicating the titles involved, is conclusive upon the parties.

From the Madison Circuit Court.

*E. A. Parker, H. D. Thompson* and *T. B. Orr,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

ELLIOTT, J.—This appeal is prosecuted by John P. Bundy alone, although there were other defendants joined in the suit with him. The complaint alleges that the appellees are the owners in fee of the land described in the complaint, and asks that their title be quieted. It thus sets forth the claim

of Bundy: "Plaintiffs further say that, on the 6th day of January, 1871, one Henry H. Markle and Julia A. Markle, his wife, executed to one Jasper Nelson a mortgage upon the aforesaid lands to secure the payment of a note for $675, which mortgage was duly recorded on the 11th day of January, 1871; that afterwards John P. Bundy, being the owner and holder of said mortgage, brought his action in the Madison Circuit Court to foreclose said mortgage, making defendants thereto Henry H. Markle, Julia A. Markle, Laban Dobson, Mary Dobson, George L. Cunningham and Mary Cunningham. That upon the issue joined in said cause the same was tried and determined, and the finding of said court was for the defendants George L. Cunningham and Laban Dobson, and judgment was rendered in their favor for costs. And the plaintiffs aver that the title of the said Henry H. and Julia A. Markle failed, and at the time of said action to foreclose said mortgage, George L. Cunningham and Laban Dobson held title to said land; that the defendant John P. Bundy claims some interest in said lands by reason of the aforesaid mortgage and the foreclosure thereof."

The only error assigned is the ruling denying the appellant a new trial.

As the complaint specifically describes the nature of the claim asserted by Bundy, there was no error in permitting the appellees to give evidence of the proceedings in Bundy's foreclosure suit, and as they proved that all of the pleadings in that suit had been destroyed by a fire which consumed the court house and public records of Madison county, it was proper to prove by parol the contents of those pleadings.

As we understand appellant's counsel, they claim that the testimony as to the contents of the pleadings was incompetent, because it did not appear that the copies offered were those placed on file when the foreclosure suit was reinstated. But, whatever may be thought of the soundness of this position, the objection stated to the trial court, that the evidence was "irrelevant, incompetent and immaterial," is too general

to present the question now argued in this court. *Shafer* v. *Ferguson*, 103 Ind. 90, and cases cited; *Grubbs* v. *Morris*, 103 Ind. 166; *Stanley* v. *Sutherland*, 54 Ind. 339.

The appellees introduced in evidence the mortgage executed to Nelson, the pleadings and the decree in the foreclosure suit instituted by Bundy. The complaint in that suit was in the usual form, and the answer was in three paragraphs. The first was a general denial; the second averred that the mortgagors had no title or right to the land described in the mortgage, and that it was owned in fee by the grantors of the appellee at the time the mortgage was executed; the third paragraph set up the facts specifically, showing that the mortgagors had no title, and that the land was owned in fee by the appellees and their grantors. In the introductory part of the decree it is stated that the " Court finds for the plaintiff as against Henry H. Markle and Julia A. Markle," and then follows a finding as to the execution of the mortgage by those persons, after which is the following: "And the court further finds in favor of Laban Dobson, Mary Dobson, George L. Cunningham and Mary Cunningham, and that they recover their costs of said plaintiff." The direction as to the sale of the land is as follows: " It is further considered, adjudged and decreed by the court, that all of the right, title, interest and equity of redemption of the said Henry H. Markle and Julia A. Markle be sold." The adjudging part of the decree contains the following: " It is further adjudged and decreed by the court, that the said Laban Dobson, Mary Dobson, George L. Cunningham and Mary Cunningham, and each of them, recover of said plaintiff their costs in this behalf expended."

It was competent, and, indeed, necessary, for the appellees to assert title to the property which Bundy sought to subject to the lien of his mortgage. The purpose of our liberal statute upon the subject of parties defendants is to settle all conflicting titles, and to determine the whole controversy in one suit. *Craighead* v. *Dalton*, 105 Ind. 72; *Barton* v. *Anderson*,

104 Ind. 578 ; *Randall* v. *Lower*, 98 Ind. 255 ; *Masters* v. *Templeton*, 92 Ind. 447 ; *Woodworth* v. *Zimmerman*, 92 Ind. 349 ; *Hose* v. *Allwein*, 91 Ind. 497, *vide* p. 501 ; *Ulrich* v. *Drischell*, 88 Ind. 354 ; *Ætna Life Ins. Co.* v. *Finch*, 84 Ind. 301 ; *Harrison* v. *Phœnix Mut. Life Ins. Co.*, 83 Ind. 575 ; *Davenport* v. *Barnett*, 51 Ind. 329 ; *Greenup* v. *Crooks*, 50 Ind. 410 ; *Ewing* v. *Patterson*, 35 Ind. 326.

In this instance the appellees accepted the challenge ten-dered them, and asserted that the mortgagors had no title to the land they assumed to mortgage. They thus put in issue the right of the appellant to a decree ordering the land sold to pay the debt for which the mortgagors assumed to pledge it, and on that issue the decree is in their favor, for it finds against the mortgagors, but not against the appellees. Nor does the finding stop with a statement limiting it to the mort-gagors, for it expressly finds in favor of the appellees, and this finding is followed by a proper decretal order.

The appellant had an opportunity to litigate the question of his right to subject the land to the lien of the mortgage, and if there had been no express finding and judgment in favor of the appellees and against him, he would have been bound by the judgment. *Fischli* v. *Fischli*, 1 Blackf. 360. This doctrine is maintained in many decisions of this court; the cases are far too numerous to justify a citation, and of the many we cite but a few : *Ulrich* v. *Drischell*, *supra ; Elwood* v. *Beymer*, 100 Ind. 504 ; *Farrar* v. *Clark*, 97 Ind. 447 ; *State, ex rel.*, v. *Krug*, 94 Ind. 366 ; *Sauer* v. *Twining*, 81 Ind. 366 ; *Green* v. *Glynn*, 71 Ind. 336. But in this case the pleadings put the question of the validity of the mortgage lien directly in issue, and the decree adjudged that issue in favor of the ap-pellees, so that nothing can be clearer than that it settles that issue against the appellant. As the title of the appellees was not ordered sold, and as the judgment was in their favor, it inevitably follows that the appellant could acquire no title against them under the mortgage or the decree. As the

mortgage is the only foundation for his title, when that fell the title was swept away.

The decree is a final one. *Western Union Tel. Co.* v. *Locke, ante,* p. 9. Nothing remained for the court to do. All questions were settled, and the decree can not be collaterally impeached; nor is it affected by a judgment rendered in a case between other parties.

Judgment affirmed.

