## PILLIOD ET AL. v. ANGOLA RAILWAY AND POWER COMPANY.

[No. 6,684.  Filed May 10, 1910.  Rehearing denied November 17, 1910.  Transfer denied January 13, 1911.]

1. QUIETING TITLE.—*Separate Tracts.—Misjoinder.—Question of.— How Raised.*—Where plaintiff sues to quiet title to separate tracts of land, defendants may raise the question of misjoinder of causes by requiring the plaintiff to set forth the sources of title, and then by filing a motion to separate causes; but the question can not be raised on the evidence. p. 721.

2. JUDGMENT.—*Res Judicata.—Foreclosure.—Public-Service Corporations.—Contracts.—Assignment of.—Estoppel.*—Where a trust company sued to foreclose its mortgage upon the property of a public-service corporation, including its contract with a city, and all of the creditors of such corporation were made defendants, and a receiver was appointed whose powers were subsequently enlarged upon the petition of an intervening creditor, to that of a general receiver for the creditors of an insolvent corporation, and who was authorized to sell all of the property of such corporation, a defendant creditor is estopped from alleging in a subsequent proceeding either that such alleged corporation was not a corporation *de jure,* or *de facto,* and, therefore, had no power to execute the mortgage, that it was not the owner of the property, or that the contract with the city was not a subject of sale by the receiver. pp. 725, 729.

3. MORTGAGES.—*Foreclosure.— Judgment.— Estoppel.—* Defendants in a mortgage foreclosure suit are estopped by a decree of foreclosure from subsequently asserting any right or interest in the property that might have been set up at the time as a defense in the foreclosure suit. p. 726.

4. RECEIVERS.—*Powers.—Sales.—Corporations.—Insolvency.—* A receiver is an officer of the court, and where the powers of a receiver appointed to take charge of the property of a corporation pending foreclosure, are enlarged to that of a receiver for the benefit of creditors of such corporation, the court has jurisdiction to order the sale of the property upon whatever terms the court may think proper, and to convey through the receiver a perfect title thereto. p. 727.

5. RECEIVERS.—*Sales.—Orders for.—Foreclosure.—*An order for a receiver's sale of property, entered upon a hearing of the receiver's petition therefor, is not rendered less effective because a foreclosure was also entered as a part of the decree. p. 728.

Pilliod *v*. Angola R., etc., Co.—46 Ind. App. 719.

6. COURTS.— *Jurisdiction.*— *Receivers.*— *Intervening Petitions.*— A court has jurisdiction, upon an intervening petition of a creditor, to enlarge the power of a receiver, appointed to take charge of the property of a corporation pending a foreclosure, to that of a receiver for the general creditors of the corporation. p. 728.

7. CORPORATIONS.— *Street Railroads.*— *Right to Hold Property.* — *How Questioned.*—Whether a street railroad company has the right to purchase and hold land on which a gristmill and elevator are situated is a question which the State alone can raise. p. 729.

8. JUDGMENT.—*Res Judicata.*—*Receiver's Sale.*—*Setting Aside.*—A judgment for defendant in a suit by a railroad company to set aside a receiver's sale estops such company from questioning the regularity or validity of the proceeding by which such sale was authorized. p. 729.

9. DEEDS.—*Description.*—*Purpose.*—The purpose of a description in a deed is merely to furnish a means of identification of the land conveyed. p. 731.

10. DEEDS.—*Description.*—*Railroad Right of Way.*—A description in a deed, in form: "Commencing at the northwest corner of the land now occupied by the * * * Light Company; * * * thence northwesterly along the west line of the * * * railway, as now laid out and occupied by it, * * * to the northwest corner of said right-of-way; * * * thence northeasterly to the east line of said right-of-way; thence southeasterly * * * to a point twenty-five feet east of the place of beginning; thence west to the place of beginning," is sufficient. p. 731.

From Dekalb Circuit Court; *Lemuel W. Royse,* Special Judge.

Suit by the Angola Railway and Power Company against Charles J. Pilliod, and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*P. V. Hoffman* and *Brown & Carlin,* for appellant Charles J. Pilliod.

*Vesey & Vesey* and *Sol A. Wood,* for appellee.

RABB, P. J.—This suit was brought by the appellee against appellants and certain other parties, to quiet title to certain real estate described in the complaint, and to enjoin appellants from asserting title thereto. Cross-complaints were filed by defendants Charles J. Pilliod, the National Mill, Water and Light Company and the Ohio and Indiana Rail-

way Company. Issues were formed on the complaint and cross-complaints, the cause was tried, and a finding, judgment and decree rendered in favor of appellee against all the parties to the proceeding, and its title in and to the premises quieted. Appellant Pilliod's separate motion for a new trial was overruled, and the questions presented on this appeal arise upon this action of the court.

It appears from the evidence that appellee claims to have derived title to the property described in the complaint. from two sources: (1) Through a deed from the receiver in the case of Fort Wayne Trust Company v. National Mill, Water and Light Company et al., by which appellee claims to have acquired title to certain specific pieces of real estate, described in the complaint; and (2) by a deed from the receiver in the case of Gus F. Smith v. Ohio and Indiana Railway Company, by which it claims to have acquired title to the railroad property described in the complaint.

It is claimed by appellants that their motion for a new trial should have been sustained, for the reason, among others, that it appears affirmatively from the evidence

1. that appellee has joined two separate and distinct causes of action in one, and that the objection to such misjoinder is properly presented upon the evidence, and could not be raised by motion to separate the causes of action, or by a demurrer to the complaint for misjoinder of causes, for the reason that the objection did not appear upon the face of the complaint. There is nothing in this point. The objection, if it exists, does appear upon the face of the complaint. It appears that appellee is seeking to quiet title to two distinct tracts of real estate, and appellants could, by motion, have required appellee to set forth the sources of its title. The objection raised would thus have been made apparent, and could have been taken advantage of by motion to separate the causes of action, or by demurrer, and since appellants have gone to trial with the issues in such condition

and thus have taken their chances to win on the merits, they will not now be permitted to raise a question of the misjoinder of causes of action.

It appears from the evidence that on January 14, 1898, and for some time prior thereto, appellant, Charles J. Pilliod and William G. Croxton and John J. Kinney were the owners, as partners, of certain real estate described in the complaint, consisting of a gristmill property, an elevator, an electric light plant and a water plant; that they were engaged as partners in conducting various business enterprises, in which said property was used, among others, that of operating a gristmill, an elevator and a light and water plant which supplied the town of Angola and its citizens with light and water; that the legal title to the real estate owned by the firm was held in the names of William G. Croxton and John J. Kinney; that on said date the members of said firm, associating themselves with a son of William G. Croxton and a son of John J. Kinney, undertook to organize a corporation for the purpose of conducting the business theretofore carried on by the firm, to be known as the National Mill, Water and Light Company, and to this end filed articles of association in the office of the recorder of Steuben county, in which the property was located and the business was to be conducted, and in the office of the Secretary of State of the State of Indiana.

Upon the filing of said articles of association with the Secretary of State and with the recorder of said county, a certificate of incorporation was issued in due form by the Secretary of State purporting to incorporate said National Mill, Water and Light Company, and thereupon said William G. Croxton and John J. Kinney executed a deed conveying said real estate owned by said firm to said corporation, and the members of said firm assumed to turn over to said corporation all the property of the firm, and thereafter the various business enterprises that had been conducted by said partnership were carried on in the name of said corporation,

the members of said firm acting as the officers and business managers of said alleged corporation.

On July 1, thereafter, said assumed corporation executed to the Fort Wayne Trust Company, as trustee, a mortgage to secure an issue of bonds of said assumed corporation in the sum of $30,000. These bonds were sold by said trustee, and the proceeds received by the officers of said corporation, assuming to act for the corporation, and used in said business. Afterwards suit was brought by the Fort Wayne Trust Company to foreclose said mortgage, and upon its petition, a receiver was appointed to take charge of and conserve the property described in the mortgage.

Appellants National Mill, Water and Light Company and Charles J. Pilliod, and the aforesaid John J. Kinney and William G. Croxton, were all made parties defendant to said foreclosure suit, and each was challenged by the complaint to set up any claim against plaintiff therein to the premises described in the mortgage.

To this complaint appellant Pilliod filed his answer and cross-complaint, in which he claimed to own a portion of the property described in the mortgage. The National Mill, Water and Light Company also filed an answer in said cause, and an answer was filed by plaintiff therein to the cross-complaint of Pilliod. While the case was pending some of the general creditors of said corporation filed an intervening petition in said suit, in which they alleged the indebtedness of the corporation to them, and averred its insolvency and the liability of its assets becoming wasted, and prayed that the powers and duties of the receiver be enlarged to those of a receiver of an insolvent corporation, for the benefit of all the creditors of the company. No formal notice of the pendency of this petition was served on defendant National Mill, Water and Light Company, but the record in the case recites as follows: "Comes now the plaintiff, by ————, its attorney; comes also the National Mill, Water and Light Company, by ————, its attorney; comes also Arthur

R. Kinney, Henry S. Snelleker and Mary F. Snelleker, by —————, their attorney, and file an intervening petition against the defendant National Mill, Water and Light Company, which said intervening petition is now filed, and is as follows. * * * And this cause is submitted for hearing on the intervening petition." Then follows the order of the court enlarging the duties and powers of the receiver theretofore appointed upon the petition of the plaintiff in the foreclosure suit, etc.

It also appears from the record that, after the order of the court was made enlarging the duties and powers of the receiver to that of a general receiver of an insolvent corporation, for the benefit of all its creditors, appellant Pilliod filed in said case a claim against the trust so created, and asked to have it allowed by the court as a preferred claim.

It further appears that after the receiver had, upon orders made by the court in said proceeding, sold all of the other property belonging to said corporation, he filed his petition therein, setting forth the fact that all the other property and assets of the corporation had been administered by him, except the mortgaged property, and that the general debts still remained unpaid, and praying an order for the sale of the mortgaged premises, and the cause, as between the original plaintiff in said proceedings and all the defendants therein, being at issue, the issues thus presented, together with the receiver's said petition to sell said real estate, were all submitted by the parties to the court for trial, hearing and decree, and the whole matter, being thus before the court upon this submission, the court having heard all the evidence in the case, made a finding in favor of plaintiff in the case against all of the defendants, that it was entitled to a foreclosure of the mortgage sued upon, subject to certain rights in some of the parties. It also made a finding in favor of the receiver upon his petition, and that he was entitled to an order of sale of all the property in his possession, which was the property described in the mortgage. This finding was

followed by a decree in favor of said plaintiff, foreclosing its mortgage, and by an order directing the sale of all the property by the receiver, and directing the distribution of the proceeds of the sale among the various claimants. This order was made and entered with all the parties present before the court, and without objection or exception by any of them, or motion to modify in any manner the judgment and order thus made. Afterwards, pursuant to and under this order of sale, the premises described in the mortgage were sold by the receiver, and a deed executed by him to the purchaser, and the sale and deed reported to the court. To this report, appellants Pilliod and National Mill, Water and Light Company filed objections.

The issues raised by these objections were heard by the court and adjudged against said appellants.

Appellee's title to that part of the property in controversy, which is designated as the mill, elevator, water and light property, is derived through this deed made by the receiver, and appellants Pilliod and the National Mill, Water and Light Company contend that the evidence is not sufficient to establish title in appellees to said property, and that the court erred in admitting in evidence the record of the Steuben Circuit Court in the case of Fort Wayne Trust Company v. National Mill, Water and Light Company et al., for the reason that it appears from the evidence that said National Mill, Water and Light Company was not a corporation either *de jure* or *de facto,* and that therefore its mortgage was void; and further, that the water and light plants, being public utilities, were not subject to sale by the receiver, without the consent of the town of Angola, and that the National Mill, Water and Light Company could not mortgage the water and light contracts held by it with the town of Angola; and that the evidence failed to show that the water contract between the firm of Croxton, Kinney & Pilliod and the town of Angola was assigned by the firm to said National Mill, Water and Light Company.

Neither a corporation nor an individual will be permitted to appear in a court of justice and deny its or his own existence. As to appellant Pilliod, we hold that he is estopped by the judgment and decree in the case of Fort Wayne Trust Company v. National Mill, Water and Light Company et al., to which he was a party, to call in question the validity of the corporation or to question any fact affecting the title to the mortgaged property that might have been litigated in that case. He was made a party to the suit, and challenged to set up whatever claim he had that was antagonistic to plaintiff's mortgage, and to its right to have said mortgage foreclosed, and the general finding and decree in favor of plaintiff concluded appellant Pilliod, not only as to every fact he did set up, but as to all which he might have set up, that would have defeated the rights plaintiff in that case was asserting by its suit, and this included not only the power and capacity of the National Mill, Water and Light Company to execute the mortgage, but by its mortgage to pledge all the property, both real and personal, included therein. It effectually estopped Pilliod from asserting that the corporation was not the owner, or that it did not have the right to mortgage any and all of the property included therein. A

3. proceeding to foreclose a mortgage is essentially a proceeding *in rem,* and in suits of this character, which seek to establish a right or interest in the thing which is the subject-matter of the litigation, all who are made parties defendant thereto, and challenged by the plaintiff therein to assert their rights, are bound to assert every then-existing fact which would defeat the plaintiff's action, and are forever concluded by a finding and judgment in favor of plaintiff as to all such facts. This has been the law in this State since the case of *Fischli* v. *Fischli* (1825), 1 Blackf. *360. See, also, *Harrison* v. *Phœnix, etc., Ins. Co.* (1882), 83 Ind. 575; *Ulrich* v. *Drischell* (1882), 88 Ind. 354; *Hose* v. *Allwein* (1883), 91 Ind. 497; *Craighead* v. *Dalton*

(1886), 105 Ind. 72; *O'Brien* v. *Moffitt* (1893), 133 Ind. 660, 36 Am. St. 566; *Barton* v. *Anderson* (1886), 104 Ind. 578; *Maynard* v. *Waidlich* (1901), 156 Ind. 562.

It is said in the case of *Ulrich* v. *Drischell, supra,* that "while it is true that a proceeding to foreclose a mortgage is not an action to quiet title, it is also true that in very many essential respects it is closely analogous. The parties are brought into court in such suit for the purpose of adjusting all equities, rights and interests in the land, and the question of their rights to the land is one of the principal and controlling questions of the case. * * * · The subject of the controversy is a thing—the mortgaged real estate—and this the decree directly affects, for it settles the rights of the parties to it, measures their equities and adjusts their interests." Whatever question the town of Angola or any one might raise regarding the assignability of its contract with Croxton, Kinney and Pilliod, with reference to the light and water or the sale by the receiver of the franchise granted by it to said firm, appellant Pilliod cannot now be heard to raise these questions against one holding title under the decree of the court referred to.

In response to appellants' insistence that the receiver's sale and deed thereunder are void, for the reason that the title conveyed by the deed was not in the receiver, and

4. that the sale on a decretal order of foreclosure of a mortgage cannot legally be made by a receiver, and that in a proceeding to foreclose a mortgage the court has no jurisdiction to order the sale of the mortgaged premises by the receiver, it is proper to say (1) that a receiver is an officer of the court, and in making sale of property under an order of the court he acts in his official capacity, precisely as does a sheriff or a commissioner to make sale. He passes, not the title which is in him, but the title which the court has the power and jurisdiction to sell. When the court entertained the petition of the general creditors for the enlargement of the powers of the receiver, it took into its jurisdiction

all the title to all the property of the insolvent corporation, and it is this title which is sold by the receiver, and in proceedings of this character the court has the power and authority to direct the sale in any manner it may see proper. It may sell the property of an insolvent corporation subject to liens that are upon it, or, if it has the lien holders before it, and has jurisdiction over them, it may order the property sold by its officers discharged from the lien, as was done in this case, and direct the distribution of proceeds in accordance with the rights of the parties. There is nothing in appellants' point that there was no title in the receiver to the real estate conveyed by his deed; nor can we agree with appellants' contention with reference to the proper construction of the order of the court made in that case. The sale made by the receiver was not on a decretal order for the foreclosure of the mortgage. It is true the mortgage was foreclosed, and there was a judgment of foreclosure, but the order to sell was made on the receiver's petition, not upon the plaintiff's complaint, and the only question that is open for debate, is whether the court had jurisdiction to make such order. It is perfectly manifest that the court possesses general jurisdiction to appoint receivers for insolvent corporations, upon proper petition, and the power in proper cases to order such receivers to sell the corporate property.

Here appellants insist that the court possessed no jurisdiction in this case, because the petition which invoked this jurisdiction of the court was not filed as an original suit, brought by creditors of the corporation. We think it utterly immaterial whether the petition was filed as an independent suit or filed, as was done in this case, as an intervening petition in a case already pending in court. The petition of the creditors presented the facts which invoked the jurisdiction. The parties to be affected by the order of the court were in court, appearing to the petition, as much as though the suit had been originally begun by the

petitioners as an independent proceeding. The most that could be said about the proceeding in this respect would be that it was irregular, and we do not hold that it is subject to this criticism. The court possessed jurisdiction over the subject-matter and jurisdiction over the parties, and therefore its decree was binding upon them all, and had the same binding, legal effect as would the decree of foreclosure, so far as concluding all the parties before the court from afterwards asserting title as against the purchaser at the sale, and the decree of the court, confirming the sale and the deed thereunder, conclusively adjudicated all questions affecting the regularity of the sale, or that could have been presented to defeat the title conveyed by the deed.

It is further insisted by appellant that the appellee in this case, being a corporation organized for the purpose of owning and operating a street railway, has no power to acquire title to mill, elevator, light and water plants. Appellee is clothed with the power to own real estate proper to the use of the purposes for which it was organized, and while appellee may not operate a gristmill or elevator, it does not conclusively follow that the real estate upon which a gristmill and elevator may be located and some of the machinery of the mill and elevator cannot be used for the purposes of appellee corporation, and when such is the case, no one, save the state, can raise the question of its power to hold property. *Chester Glass Co.* v. *Dewey* (1819), 16 Mass. 94; *Farmers, etc., Bank* v. *Detroit, etc., R. Co.* (1863), 17 Wis. *372; *Whitman, etc., Mining Co.* v. *Baker* (1867), 3 Nev. 386; *Southern Pac. R. Co.* v. *Orton* (1879), 32 Fed. 457.

In reference to the electric railway property, described in the complaint, the record discloses that appellee claims to have acquired this property by virtue of a deed, made by the receiver for said company appointed by the Steuben Circuit Court, in a proceeding instituted by certain directors of the company for the appointment of a receiver on the ground of the insolvency of the company.

The record discloses the filing of such petition, the appearance by the company to the petition, and the due appointment of a receiver to take charge of the property and assets of the company, as an insolvent corporation; that in this proceeding a great number of intervening petitions were filed by various creditors, some of them lien holders, many of which prayed for the sale of the property and the enforcement of the liens. Issues were formed on the intervening petitions, and all of the issues arising upon all of the intervening petitions were, by agreement of all the parties, submitted to the court for trial, and finding was made by the court in favor of the various intervening creditors, establishing the amount due to them respectively, and a decree entered that certain of these credits were liens upon the property of the road, and thereupon the court ordered a receiver appointed to make sale of the property. A sale was made by the receiver, pursuant to the order, the property sold to a private individual, and a deed made to him for the property rights and franchises of the road, and the property thus purchased was afterwards conveyed by him to appellee. No objection was made to the sale. It was confirmed by the court, and the proceeds distributed to the parties according to their rights as determined by the decree of the court directing the sale.

Afterwards said Ohio and Indiana Railway Company instituted a suit to set aside the receiver's sale. The complaint attacked the sale on the ground that the court possessed no power or authority to make the sale of the company's franchises, that its franchises and property were linked together, that the purchaser, a natural person, had no right to purchase the property, and that the sale was upon a foreclosure of a mechanic's lien. This case was put at issue and tried, and a finding and judgment rendered against said company. This adjudication conclusively bars appellant Ohio and Indiana Railway Company from raising any question affecting

the regularity or the validity of the proceeding by which the property was sold at the receiver's sale.

It is, however, contended by appellants that the order of sale in the case, and the receiver's deed thereunder, are void, because of the uncertainty in the description of the premises ordered sold. The description in question is as follows: ''Commencing at the northwest corner of land now occupied by the National Mill, Water and Light Company, it being on the south line of Broad street, in the town of Angola, Steuben county, Indiana; running thence northwesterly along the west line of the right of way of the Ohio and Indiana Railway Company, as now laid out and occupied by it, across sections twenty-seven, twenty-six, twenty-two, fifteen and ten, in township thirty-seven, range thirteen east, to the northwest corner of said right of way, near the southeast end of Lake James in said section ten; thence northeasterly to the east line of said right of way; thence southeasterly through the aforesaid sections, to a point twenty-five feet east of the place of beginning; thence west to the place of beginning.''

It is not the office of a description of real estate, either in a deed or an order of sale to identify the property conveyed or affected thereby, but to furnish a means of identification, and if, from the description contained in the instrument under consideration, a means of identifying the property is furnished, the description is sufficient.

Property may be described by monuments, as well as by metes and bounds. An existing railroad is a monument, and railroad property may be conveyed by a deed describing the road as such. Real estate occupied by a building may be conveyed by a name, by which it is known. The beginning point of this road is sufficiently described as the northwest corner of land now occupied by the National Mill, Water and Light Company. The land occupied by this company is a monument, and the northwest corner of it is easily ascertained.

It is criticised that the description of the right of way of a railroad means nothing. Perhaps, standing by itself, it would mean nothing, but in this case the property is described as the premises laid out and occupied by the railroad as a right of way, and what it occupies is a visible monument. We think there is no uncertainty in the description contained in the order of sale or in the deed, and that it was sufficient without more definitely setting out the metes and bounds.

We find no reversible error in the record in this case. Judgment of the court below affirmed.

Roby, J., not participating.