## PERSONS *v.* ALSIP and Another.

Bill to foreclose a mortgage. It alleged that *A.* mortgaged certain land to *B.* to secure the payment of two notes; that, afterwards, *A.* executed a second mortgage to the complainant to secure a debt of 367 dollars, payable in 1849; that no proceedings had been had at law to recover the complainant's debt; that the land was insufficient to pay both the debts. *A.* and *B.* were made defendants, and the complainant prayed an account of the debts due; that the equity of redemption be foreclosed; and the premises sold to pay the debts. The Court found there was due to *B.* 288 dollars, and to the complainant 263 dollars, and decreed that, in default of the payment thereof within 30 days, the equity of redemption be foreclosed, the land sold, and the proceeds applied—1st. To the payment of *B.'s* debt; 2d. To the payment of the complainant's; and the overplus, if any, to *A.* *Held,* that there was no error in these proceedings.

ERROR to the *Bartholomew* Circuit Court.

SMITH, J.—This was a bill to foreclose a mortgage. The bill alleges that *Persons* mortgaged a certain lot, in the town of *Columbus*, to *Alsip*, in *October*, 1846, to secure the payment of two notes; and that, in *July*, 1847, *Persons* executed a second mortgage to *Washburn*, the complainant, to secure a debt amounting to 367 dollars and payable on the 1st of *March*, 1849. The bill further alleges that no proceedings had been had at law for the recovery of the complainant's debt, and that the mortgaged pre-

mises were insufficient to pay both the debts with which they were charged. *Persons* and *Alsip* were made defendants and the complainant prayed for an account to be taken of the debts due; to be allowed to redeem the prior mortgage; that the equity of redemption be foreclosed; and that the mortgaged premises be sold to pay the mortgage debts according to the rights of the parties.

The record states that the process was duly served and the defendants called and defaulted. The cause was then submitted on the bill, exhibits, and proof, and the Court rendered a decree, finding that there was due to *Alsip*, on the first mortgage, 288 dollars and 12 cents, and to the complainant, on the subsequent mortgage, 263 dollars and 80 cents; and that, in default of the payment of said sums within thirty days, the equity of redemption in said premises should be foreclosed and said premises should be sold and the proceeds applied—1st. To the payment of *Alsip's* debt; 2d. To the payment of the complainant's; and the overplus, if any remained, should be paid to *Persons*.

The only objection made to these proceedings is, that the decree should not have required the property to be sold for the payment of both debts, and that the Court should only have permitted *Washburn* to redeem the prior mortgage, and hold it with his own as a lien on the land.

We can perceive no force in this objection. The object of making *Alsip* a party was to authorize a decree to sell the land clear of the incumbrance of his mortgage, and the decree rendered is in conformity with the usual practice in such cases.

*Per Curiam.*—The decree is affirmed with 1 *per cent.* damages and costs.

*A. A. Hammond*, for the plaintiff.

*T. F. Thompson*, for the defendants.