*J. P. Usher*, for the plaintiff.

May Term, 1855.

PATTISON
v.
SHAW.

---

## PATTISON and Others v. SHAW.

A bill for foreclosure did not aver that the mortgagor had an interest in the premises capable of being mortgaged. It was objected for the first time on error, that the bill was defective for the want of this averment; that the objection, if available at all, should have been made in the court below, at the earliest stage of the proceedings.

A prior mortgagee is not a necessary party to a bill for foreclosure; but it is clear that a junior mortgagee is, though he may properly be made a party. There is no rule of practice which authorizes a plaintiff to make one a defendant in a cause.

APPEAL from the *Fayette* Circuit Court.

DAVISON, J.—*Shaw*, on the 19th of *November*, 1852, filed a bill in equity, having for its object the foreclosure of a mortgage executed to him on the 9th of *June*, 1852, by one *Francis Conwell*. In *July* following, *Conwell* conveyed the

Friday,
June 8.

mortgaged premises to *Pattison*, the appellant, subject to *Shaw's* incumbrance; it being stipulated as part of the consideration, in the deed of *Conwell*, that *Pattison* should pay *Shaw's* debt. The bill does not aver that *Conwell* had a mortgageable interest in the land. In other respects it is in the common form.

All the defendants except *Pattison* were defaulted. He answered and filed his cross-bill. No defence is set up by the answer; but in his bill he alleges that the premises, when deeded to him, were incumbered by a mortgage to the state of *Indiana*, which is duly recorded; and he prays that the state be made a defendant. The Court sustained a demurrer to the cross-bill, and rendered a decree of foreclosure.

The original bill, it is said, is defective, because it does not allege title in the mortgagor when he executed the mortgage. This objection was not raised in the Circuit Court; and we think it is one which, if available at all, should have been made at the earliest stage of the proceedings. It is evidently too late to make such objection in the first instance in this Court.

But was the state a necessary party? It is not shown whether her incumbrance was prior or subsequent to that of the appellee. If it was prior, the authorities seem to be decisive that she was not a necessary party, because her rights were paramount; nor is it clear that the complainant would have been positively required to make a subsequent mortgagee a party, though, at his election, he might have done so. Story's Eq. Pl., s. 193, and notes. In the present case the answer is too indefinite to afford any data upon which to decide the point under consideration. Moreover, we know of no rule of practice that would authorize the state to be made a party defendant in any cause. The decree must be affirmed.

*Per Curiam.*—The decree is affirmed, with 2 per cent. damages and costs.

*G. Holland*, for the appellants.

*J. D. Howland*, for the appellee.