*A. Iglehart*, for appellant.

*S. R. Hornbrook*, for appellee.

* * *

## West *v.* Shryer and Others.

MORTGAGES.—APPLICATION OF SURPLUS PROCEEDS.—A mortgaged his land to B to secure a debt, and afterwards executed a second mortgage to C upon the same property. Afterwards, certain creditors of A attached the land, and at the same term of the court, a decree of foreclosure was rendered upon B's mortgage and an order of sale in the attachment proceedings. The land was sold upon B's foreclosure, for a sum much greater than the debt. While the surplus funds of the sale remained in the sheriff's hands, C instituted proceedings to foreclose his mortgage, and notified the sheriff that he would claim to have the money in the sheriff's hands, but that officer applied the money to the attachment debt.

*Held* that C was entitled to have the surplus proceeds applied upon his mortgage.

APPEAL from the *Greene* Common Pleas.

RAY, J.—Prior to *June* 1865, *Margaret Allen* had a mortgage on the land of *John White* for $246. On the 8th of *June*, 1865, *White* was charged with a felony and *West* became his recognizor for the sum of $500, and took a mortgage to secure himself on the same land. On the 10th of *June* 1865, *White* forfeited his recognizance. On the 13th of June, 1865, *Shryer* and others commenced proceedings in attachment against *White*. In September of the same year, the *Allen* mortgage was foreclosed, and at the same term of the court *Shryer* and others obtained judgment on their attachment and an order to sell the same land which had

been mortgaged to *Allen* and *West.* A judgment was rendered against *West* on the recognizance in October 1865. On the 18th of December, 1865, *Moss,* as sheriff, sold said land to the defendant *Shryer,* under the decree of foreclosure on the *Allen* mortgage, for the sum of $1,600. *West* immediately paid off the judgment against him, and before the sheriff had received the money, instituted proceedings to foreclose his mortgage against *Shryer,* and claimed a precedence in the surplus over the attaching creditors, which was decreed him by the court. *West's* mortgage was duly recorded. The sheriff was notified by *West* that he would immediately proceed to foreclose his mortgage, and claim payment thereof out of the proceeds of the sale under the *Allen* decree, and promised *West* that he would retain the money for three days, and afterwards, with the intent to defraud plaintiff, paid out the same to the attaching junior creditors, except $350, which he retained.

Moss answered: 1. General denial. 2. That he had sold the land under the *Allen* decree and appropriated the surplus to the payment of said attaching creditors, giving names and amount.

A demurrer to the second paragraph of the answer was overruled. This was error. The paragraph does not deny any of the allegations of the complaint, nor does it set up any new matter constituting a defense thereto. Upon the complaint, the plaintiff was entitled to relief. The recording of *West's* mortgage was notice to *Shryer.* The surplus in the hands of the sheriff, after payment of the decree of *Margaret Allen,* on her prior mortgage, should have been applied in satisfaction of plaintiff's mortgage. The sheriff had no right to pay the money to junior attaching creditors. " The mortgage was a specific lien on the land, and that being sold under a prior incumbrance, the lien of the mortgage attached upon the surplus monies raised on that sale." *Bartlett v. Gale,* 4 *Paige* 503.

The finding of the court upon the trial does not disclose

whether the mortgage to *West* was recorded or not, and we cannot therefore make any order based upon the finding.

For the error in overruling the demurrer to the second paragraph of the answer, the judgment is reversed, with costs.

*W. Mack, A. G. Cavins, S. C. Davis* and *M. M. Joab,* for appellant.