Masters *v.* Templeton *et al.*

--------

No. 10,834.

## Masters *v.* Templeton et al.

MORTGAGE.—*Satisfaction.*— *Waiver of Vendor's Lien.—Decedents' Estates.— Widow.*—F. died holding several notes and a mortgage on lands given for purchase-money.  After his death, by arrangement between his administrator, the widow and the mortgagor, a new note with personal security was made by the mortgagor, and accepted by the widow as her distributive share of her husband's estate, and the mortgage was formally satisfied.  Later, this note was surrendered and a new one taken, executed by the mortgagor alone, and while solvent he sold the land in good faith.

*Held*, that the widow had no lien on the land, either by virtue of the mortgage or in right of the vendor.

SAME.—*Judgment.—Estoppel.*—One who is made defendant to a suit to foreclose a mortgage, to answer as to his interest, is estopped by a decree against him from again asserting an interest in another suit.

SAME.—*Parties.*—One who holds a lien on lands is a proper party defendant to a suit to foreclose a subsequent mortgage, and being made such is bound by the decree.

| 92 | 447 |
| 125 | 396 |
| 92 | 447 |
| 130 | 402 |
| 92 | 447 |
| 132 | 506 |
| 92 | 447 |
| 139 | 598 |
| 92 | 447 |
| 155 | 631 |
| 156 | 570 |
| 92 | 447 |
| f167 | 45 |

From the Union Circuit Court.

*T. D. Evans*, for appellant.

*L. H. Stanford*, for appellees.

ELLIOTT, J.—The material facts stated in the special finding are substantially as follows: John F. Templeton bought of John Ferris the land in controversy, paid part of the purchase-money, and, to secure the remainder, executed several notes and a mortgage. After the death of Ferris the appellant, widow of the decedent, William Brown, the administrator of his estate, and John F. Templeton, the mortgagor, entered into an agreement wherein it was stipulated that the latter should execute a note for the remainder of the purchase-money then unpaid, with Brown as surety, and that it should be accepted by the appellant as in full of her distributive share of her husband's estate. The note was signed, delivered and accepted, and the mortgage executed for the purchase-money was satisfied. Afterwards the note was taken up and another executed by John F. Templeton alone, and on this note appellant obtained judgment on the 6th day of January, 1880. On the 3d day of August, 1871, John F. Templeton, being then entirely solvent, and acting in good faith, conveyed to Benjamin F. Templeton and Thomas T. Templeton the land bought of Ferris. After the execution of this conveyance, John F. Templeton and the grantees just named borrowed of Sylvanus Cockefair twelve hundred dollars, and executed their note with William E. Beckett as surety, and, to secure Beckett from loss, executed to him an indemnifying mortgage. Beckett was compelled to pay the debt, and afterwards brought an action to foreclose the indemnifying mortgage executed to him, and the appellant was made a party to the suit. The complaint in that suit charged that all of the defendants other than the mortgagors " claimed to hold some interest and liens in and upon said real estate, but that they took and held the same subject to Beckett's mortgage lien." An appearance was entered in that suit by the

appellant, an answer and cross-complaint were filed by her, and, upon the hearing, judgment was entered in favor of Beckett, and it was also decreed that his rights were paramount, and that the equity of redemption of all of the defendants to that action should be barred and foreclosed.

The appellant has no right to a vendor's lien. A sufficient reason for this conclusion is that where there is an express lien created by mortgage there can be no equitable lien. *Richards* v. *McPherson*, 74 Ind. 158. Another reason may be added, although not necessary to the support of our conclusion, and that is, that where a promissory note is taken with a third person as surety for the payment of the purchase-money, the vendor's lien is waived. *Way* v. *Patty*, 1 Ind. 102; *Crans* v. *Board, etc.*, 87 Ind. 162.

A vendor's lien once fully abandoned can not be revived. *Mattix* v. *Weand*, 19 Ind. 151.

The finding of the court negatives the existence of fraud in express terms, and it also shows that when John F. Templeton conveyed the land he was solvent, and this brings the case within the settled rule that, if the grantor is solvent when the conveyance is made, his subsequent insolvency does not affect the validity of the conveyance. *Rose* v. *Colter*, 76 Ind. 590; *Evans* v. *Hamilton*, 56 Ind. 34; *Sherman* v. *Hogland*, 54 Ind. 578; *Pence* v. *Croan*, 51 Ind. 336.

The decree in Beckett's favor concludes the appellant from asserting any right or lien in the land superior to his, because she was a party to that action, and her rights were foreclosed by the decree therein rendered. Our code provides that "Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved." This is a very comprehensive provision, and was meant to confer authority to settle in one suit all conflicting claims to property involved in the litigation. The rule is a wise and salutary one, for it enables the court to

fully adjust all equities, to determine and protect all rights, and to put an end to litigation concerning the subject-matter of the suit by one decree.    Multiplicity of actions is thus prevented, full force and effect secured to judicial decrees, and judicial sales made operative and effective.    It has long been the law of this State, that conflicting claims of title may be settled, and questions of priority determined, in foreclosure suits, whenever the proper issues are tendered. In the case of *Greenup* v. *Crooks,* 50 Ind. 410, the defendants filed an answer to a complaint for the foreclosure of a mechanics' lien, alleging that the mortgage held by them was a paramount lien, and it was held that the decree on the issue thus tendered concluded all the parties as to all rights held by them at the time it was entered.    The same principle was declared in *Davenport* v. *Barnett,* 51 Ind. 329.    In *Martin* v. *Noble,* 29 Ind. 216, the court said : " It is very true, as is argued for the appellee, that one may be made a defendant, in such a case, to answer as to his interest in the property."    It follows, as of course, that if any one who has an interest is made a party, he must assert and maintain his interest, since, to hold otherwise, would be to declare that making him a party was merely an unmeaning and empty form.    We take it to be very clear that if a person may be properly brought into a case there may, and should be, an adjudication determining his rights.    If this be not true, then it is perfectly useless to bring him into court.    It seems equally clear that if his rights are to be investigated, it must be all and not merely a part that must receive consideration.    In another case a junior mortgagee brought an action to foreclose his mortgage, making a senior mortgagee a party and obtained a decree settling the equities of the parties, and the court held this was proper, saying : " The object of making Alsip " (the senior mortgagee) " a party was to authorize a decree to sell the land clear of the encumbrance of his mortgage, and the decree rendered is in conformity with the usual practice in such cases." *Persons* v. *Alsip,* 2 Ind. 67.    In *West* v. *Shryer,* 29 Ind. 624, it was held that a mortgagee had a right to make attaching

creditors a party, and had the further right to a decree requiring the payment of money in the hands of the sheriff. It was said in *Trayser* v. *Trustees, etc.,* 39 Ind. 556, in speaking of the right to settle priorities, that " The court might have decreed that the mortgage of Macy constituted a prior lien, and should have decreed that the property should be sold subject to his mortgage and prior lien." We find in *Goodall* v. *Mopley,* 45 Ind. 355, this language : " He " (the plaintiff) " had a right to file his complaint to foreclose and make all persons interested parties. This he did, charging amongst other things, that the decree in favor of the appellees was for too much. He not only had a right to make them parties, but he had a right to dispute the amount of their claims." In *McKernan* v. *Neff,* 43 Ind. 503, it was said of a foreclosure suit, that " The equities of the mortgagor and all other parties to the action are barred by the decree and sale." The court said in *Wright* v. *Bundy,* 11 Ind. 399 : "As a general rule, prior mortgagees are not necessary parties to a junior's bill of foreclosure. They may be proper, but are not necessary parties." To the same effect is the case of *Pattison* v. *Shaw,* 6 Ind. 377. In Work's Practice these last two cases are cited as sustaining the proposition that prior encumbrancers are neither necessary nor proper parties, but the author is plainly in error, for they decide the exact converse of that proposition. Our later cases are in harmony with the doctrine which has so long prevailed, and are not, as seems to be supposed, declaratory of a new rule. *Ætna Life Ins. Co.* v. *Finch,* 84 Ind. 301 ; *Ulrich* v. *Drischell,* 88 Ind. 354 ; *Fitzpatrick* v. *Papa,* 89 Ind. 17 ; *Woodworth* v. *Zimmerman, ante,* p. 349.

Prior to the adoption of the code system there was some reason for holding that the question of title could not be adjudicated in a foreclosure proceeding; for questions of title were triable only by courts of law, while the question of a right to a foreclosure was cognizable only by courts of chancery, and there was thus a conflict of jurisdiction whenever a legal title was asserted. This can not happen under the code,

where both law and equity jurisdiction are vested in one tribunal, where provision is made for bringing into court all parties interested, either in the property or the controversy, and where ample authority is conferred to determine all rights and adjust all equities in one suit. The provisions of our code upon the subject of parties are very comprehensive, and the provisions respecting judgments and decrees are also very full and liberal, and we should do violence to its letter and spirit if we did not hold, to borrow the language of its framers, that the " ultimate rights of the parties" may be determined in one action. It will be found upon investigation that our rule is well supported by the authorities elsewhere. Story Eq. Pl. 197 ; 4 Kent Com. 184; Bliss Code Pl. 96 ; *Shellenbarger* v. *Biser*, 5 Neb. 195 ; *Williams* v. *Bankhead;* 19 Wall. 563 ; *Hagan* v. *Walker*, 14 How. 29. In the case last cited it was said : ".We consider the true rule to be, that, where it is the object of the bill to procure a sale of the land, and the prior encumbrancer holds the legal title, and his debt is payable, it is proper to make him a party in order that a sale may be made of the whole title."

Judgment affirmed.

Filed Jan. 3, 1884.