Filed Feb. 13, 1885.

---

No. 11,137.

FIRESTONE v. THE STATE, EX REL. LIGGETT.

MORTGAGE.—*Foreclosure and Sale.*—*Rights of Senior Mortgagee.*—*Subrogation.* —A senior mortgagee, or one who has acquired his rights by subrogation, can claim no right to money realized by foreclosure of a junior mortgage and sale thereon, remaining after satisfaction of the decree. His remedy is to foreclose the senior mortgage. Such surplus money goes to the mortgagee by section 1104, R. S. 1881.

From the Marshall Circuit Court.

*A. C. Capron*, for appellant.

*J. D. McLaren* and *H. Corbin*, for appellee.

FRANKLIN, C.—Appellant owned certain real estate, which he mortgaged to secure a loan of money. He afterwards sold it, subject to the mortgage, to appellee Liggett, she assuming in the deed, and agreeing to pay off the mortgage, as a part of the consideration for the land; she then executed notes.

and a mortgage upon the land to appellant for the deferred payments for the land. She failed to pay anything on the senior mortgage, and failed to pay the notes and satisfy the mortgage she had executed to appellant. Suit was commenced upon the senior mortgage against appellant and appellee Liggett. Appellant made a partial payment on that mortgage and procured a dismissal of the suit. Suit was then commenced on the junior mortgage. A judgment and decree of foreclosure were rendered, and the property was sold for more than enough to pay the junior mortgage; the surplus was paid into court and was in the hands of the clerk, and both these parties were claiming the surplus. The clerk refused to pay it out until it was determined to which it belonged. Appellee Liggett commenced this action against the clerk and his bondsmen to recover such surplus.

The clerk answered for himself and his bondsmen, that he held the money, and brought it into court to be determined to whom it belonged, and asked to have appellant made a party, and that he and appellee be required to interplead, and that it be determined to whom the money belonged, which was done accordingly.

Appellant demurred to the complaint, which was overruled. He then answered by a denial, and claiming the money, and filed a cross complaint, setting up the facts constituting his claim to the money. Demurrers were sustained to the second paragraph of the cross complaint, and also to a supplemental cross complaint.

There was a trial by the court and a finding for the plaintiff. Over a motion for a new trial, judgment was rendered for the plaintiff. The following assignment of errors has been made in this court:

1st. The complaint does not state facts sufficient to constitute a cause of action.

2d. Error in sustaining motion to strike out parts of answer.

3d. Error in sustaining motion to strike out parts of cross complaint.

4th. Error in overruling motion to strike from the files demurrer to cross complaint.

5th. Error in sustaining demurrer to second paragraph of cross complaint.

6th. Error in sustaining demurrer to amended supplemental cross complaint.

7th. Error in rendering judgment without a reply to answer.

8th. Error in ordering the money paid to relatrix.

9th. Error in overruling motion for a new trial.

Appellant admits in his brief that the first specification of error is not well taken, and that the second and third are immaterial; they are, therefore, considered as waived.

The fourth had as well been waived, for the motion is not made a part of the record by bill of exception or order of the court, and can not be considered.

The seventh specification is also admitted not to be well taken, and the eighth is too general, and might as well have been admitted not to be well taken.

The ninth is overruling the motion for a new trial. The reasons therein stated for a new trial, that the finding is not sustained by the evidence, and is contrary to law, can not be considered in the absence of the evidence, which is not in the record.

The reasons, that the court sustained the demurrers to the second paragraph of the cross complaint, and the supplemental cross complaint, are not proper reasons for a new trial; they constituted no part of the trial, and, according to the practice, are not considered in determining upon the motion for a new trial; but they are proper subjects for specifications in the assignment of errors, and as they are embraced in the fifth and sixth specifications, they will be considered there as correctly presented. These two specifications present the same question, and counsel have properly considered and discussed them both together.

Appellant, in his cross complaints, claims this surplus upon the ground that he had paid a part of the senior mortgage, and asks to be subrogated to the rights of the senior mortgagee to that extent.

The 1104th section of the R. S. 1881, which is the same as the 639th section, R. S. 1876, reads as follows: "And in all cases where the proceeds of sale shall be more than sufficient to pay the amount due and costs, the surplus shall be paid to the mortgage debtor, his heirs or assigns."

This statute gives appellee a legal right to this surplus, and before appellant can overcome appellee's legal right thereto, he must show in himself a good cause of action in equity. He has attempted to do that by seeking through subrogation to foreclose the senior mortgage upon this fund, instead of upon the land, to the extent of his payment on the senior mortgage.

If he possesses any such rights, in order to make a good complaint, he must base it upon the senior mortgage, and make it a part of his complaint by an exhibit of a copy or the original, which he has not done in either the second paragraph of the cross complaint or his supplemental cross complaint to which the demurrer was sustained, for which reason, without naming others, there was no error in sustaining the demurrers to these pleadings.

There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed. Nov. 19, 1884. Petition for a rehearing overruled April 25, 1885.