/      No. 17,168.

## CLAPP *v.* HADLEY ET AL.

MORTGAGE.—*Two Mortgages Held by Same Person.—Foreclosure and Purchase by Mortgagee.—Surplus, who Entitled to.*—A party held two mortgages of different dates on the same land, given by the same person, and foreclosed them on the same day in the same court, neither decree containing any reference to the other. He caused the land to be sold on the decree foreclosing the junior mortgage, purchased it himself, paid the costs and receipted in full for the amount of the decree. A few days later he caused the same land to be sold on the decree foreclosing the senior mortgage, bought in the land, but the amount of his bid exceeded the amount due him on the decree. The mortgagor claimed the surplus.

*Held,* that the mortgagee was entitled to the surplus in an amount equal to the amount of the decree on the junior mortgage.

SAME.—*Decree Distributing Surplus.—Statute.*—There is no statute in this State requiring the decree to declare the order of distribution of any surplus; nor is there any statute prescribing the method or practice in enforcing distribution and in determining the interests of lienholders therein.

From the Noble Circuit Court.

*L. H. Wrigley* and *L. W. Walker,* for appellant.

*T. M. Eells* and *H. G. Zimmerman,* for appellees.

HACKNEY, J.—The appellee executed two mortgages of a tract of land in Noble county, one in the year 1871 and the other in the year 1886. These mortgages were held by the appellant, one as mortgagee and the other as assignee, when, on the 23d day of May, 1893, he procured separate decrees foreclosing them. Neither decree, so far as appellant's allegations disclose, made any reference to the other or any order concerning the distribution of the surplus arising from sales upon such decrees.

On the 24th day of June, 1893, the appellant purchased under the junior mortgage decree for the full

amount of the principal, interest and costs, and, upon payment of the costs only, he secured a receipt for the amount of his bid and a certificate of purchase.

Later, and on the 1st day of July, 1893, at a sale upon the senior mortgage decree, the appellant became the purchaser of said lands for the sum of $1,221.32 in excess of the principal, interest and costs of said decree. This surplus Hadley sued to recover, and the appellant intervened by cross-complaint, setting up the foregoing facts and alleging the insolvency of Hadley and that the lands were worth less than the sum of the two mortgages. The court sustained a demurrer to said cross-complaint and that ruling presents the only question necessary to our decision.

It will be observed that the legal title to the mortgaged property was in Hadley, and, if the transactions stated constituted a satisfaction of the liens involved in the mortgages, decrees, and purchases, there would be little doubt that the appellee was entitled to the surplus. It is so provided by statute. R. S. 1894, section 1118, R. S. 1881, section 1104; Firestone v. State, ex rel., 100 Ind. 226.

As to the senior mortgage and decree there is no question but that they were satisfied so far as they created any liability against the appellee, and the sale under that decree divested all interest of the appellee in the property excepting the right of redemption and the possible right to the surplus. Treating the appellant's rights under the two mortgages, decrees, and sales as distinct each from the other, and as if held by different persons, there is and can be no question but that the sale under the senior decree cut off and thwarted every right of the purchaser under the junior decree, so far as the land was concerned, save only the possible right of redemption. As to these rights of redemption, we are not con-

cerned, but by the concession of these considerations we have but the remaining inquiry as to the extent of interest in or lien upon the surplus fund, if any, which the holder of the junior certificate had as against the appellee. Was the purchase under the junior decree effective to satisfy the appellee's debt secured by the junior mortgage and bring him within the statutory provision as to the surplus? Certainly not, if we regard the purchase under the senior decree as extinguishing any claim under the junior purchase which could ripen into title.

To hold the debt satisfied is to conclude that the land, worth less than the amount of the combined debt, has sold for a sum sufficient to satisfy the whole debt with $1,221.32 in addition, or, that the appellee has paid the combined debts with property not to exceed the value of such debts, and that he has $1,221.32 overplus. Looking to the appellant's situation to learn if his credits have been discharged, we find that the senior decree is satisfied, and that instead of having received property or interest that may ripen into property to be held in satisfaction of the junior mortgage, he has an empty and fruitless certificate of purchase, made so by the satisfaction of the senior debt. Nor can it be said that the appellant, having bid in the property upon the junior decree, and receiving a certificate of purchase, thereby extinguished all liens theretofore existing by virtue of his mortgage and decree.

In the recent and well considered case of *Robertson* v. *Van Cleave*, 129 Ind. 217, it was held that the holder of a certificate of purchase under a junior lien, was not an owner, but that he was a lienor with the judgment, under which he purchased as the basis of his lien. See, also, *Jewitt* v. *Tomlinson*, 137 Ind. 326.

We conclude, therefore, that appellant's junior lien

was not extinguished, as against the appellee, though it was required to surrender priority to the senior decree and purchase. After this surrender of priority, to what, if anything, did the lien attach? If there had been other and still younger liens, their holders could not, in good conscience, have asked to supersede the appellant's junior lien in the distribution of the surplus arising from the sale under the senior lien. Nor would it appear that the appellee, whose debt remains unpaid, could, with better conscience, ask to take the fund, that which was the result of the property mortgaged for the payment of that debt. We answer, therefore, that equity must attach that lien to the surplus fund, and that for the enforcement of the lien the fund is the property mortgaged.

In *Habersham* v. *Bond,* Ga. Dec., part 2, 46, it was held that the lien of a junior mortgage is destroyed by a sale under the foreclosure of an elder one, but that the junior mortgagee has an equitable claim to the surplus arising from the sale, after satisfying the elder mortgage.

In *Hart* v. *Wingart,* 83 Ill. 282, the purchaser under a junior lien was held to be entitled to the surplus fund arising from a sale in satisfaction of the senior lien.

In *West* v. *Shryer,* 29 Ind. 624, it was held that a junior mortgage was entitled to participate in the surplus arising from the satisfaction of a senior mortgage, where such surplus was claimed by attaching creditors whose liens were, in point of time, subsequent to that of the junior mortgage. The lien was thus carried to the surplus when the property had been taken out of the reach of the junior lien by applying it to the senior lien.

If an heir mortgage his interest in the land inherited, and the land is sold by the administrator for payment of the estate's debts, the lien of the mortgage is not defeated

but is transferred to the balance of the fund after paying such debts. *Ball, Admr.,* v. *Green,* 90 Ind. 75. See, also, *Koons, Admr.,* v. *Mellett,* 121 Ind. 585, where it is held that a judgment against a devisee of lands, afterwards sold to pay debts, follows the proceeds of the sale and binds such proceeds to the same extent that it bound the land. To the same effect is *Ballenger* v. *Drook,* 101 Ind. 172.

The same principle has been applied where the mortgaged real estate has been diverted from the lien by condemnation proceedings and equity has transferred the lien to the fund awarded as damages. *Sherwood, Admr.,* v. *City of Lafayette,* 109 Ind. 411.

If, instead of selling the entire property upon the senior decree, a fractional part of it had been sold for a sum sufficient to pay the senior debt, there could then be no doubt that the remaining property would have continued subject to the junior purchase, with no interest to the appellee therein excepting in the right of redemption. It would seem, therefore, that the whole property, equitably the property of the appellant, having been sold and swept from him, he should have a just claim to that part of the proceeds not essential to the satisfaction of the senior lien. To him it stands in place of so much of the property as was not necessary to meet the elder mortgage.

Appellee's learned counsel argue that the purchase under the junior decree was presumably upon the theory that the appellant regarded the property as of sufficient value to pay the senior debt in addition to the amount bid upon the junior debt. In *Myers* v. *O'Neal,* 130 Ind. 370, such presumption, if it exist, is held not conclusive. But, however this may be, we can not bring ourselves to the conclusion that equity will permit the debtor to take the fund which is the result of property pledged to the

security of a debt not satisfied, and by reason of his insolvency and his adverse claim to said fund deprive the creditor of all means of collecting the indebtedness.

It is argued also that the appellant having been a party to each decree and having failed to preserve, by order of the court, his claim to any surplus, he is now precluded. We have no statute requiring the decree to declare the order of distribution of any surplus, and the usual practice is to direct that any surplus remaining shall be returned for distribution, as the court may direct. We have no statute prescribing the method or practice in enforcing distribution and in determining the interests of lien-holders therein. At the time of the foreclosure, it can not be known that there will be a surplus, nor can it be known that when a surplus is found it should be distributed to a particular person, since the then owner of the equity of redemption may not be such owner when the time for distribution arrives. In *Habersham* v. *Bond, supra,* it was expressly held that, though a statute permitted distribution upon motion, if the rights of the parties were not clear and free from dispute, resort to equitable remedies was not only the proper but necessary course.

In *Purviance* v. *Emley,* 126 Ind. 419, the principle here contended for by the appellant was recognized. There Purviance was a junior lien-holder and a defendant to the foreclosure of the senior lien with no order as to the distribution of surplus. The decree directed the two-thirds of the land to be first offered, reserving the inchoate interest of the debtor's wife. This offer was insufficient, and a sale of the whole of the lands secured a surplus, less than the value of one-third of the land.

This court said: "If any part of it belongs to Sexton Emley," the debtor, "appellant is entitled to have it ap-

plied, so far as it will go, to the payment of his judgments.''

If the junior mortgagee had been a party defendant in the proceeding to foreclose the senior mortgage, and the decree had barred his equity of redemption, he, nevertheless, would have been entitled, in an independent suit, to foreclose his junior mortgage. *Coleman* v. *Witherspoon*, 76 Ind. 285.

As we have already said, there is no question in this case as to the appellant's right of redemption, and, as we have seen, it does not appear that any right or equity under the junior mortgage was abridged by the senior decree, either expressly or by implication. Nor was an issue made by the appellee under which the conflicting interests of himself and the appellant could have been adjudicated. As between the mortgagees, no issue could be presumed to have been raised affecting the ultimate distribution of a surplus between either and the mortgagor. The decrees were concurrent in time, and the only advantage possessed by either is in the seniority of the elder mortgage.

If we treat the equity of redemption under the junior mortgage as foreclosed, and all possible conflict settled as between the two mortgages, we are yet unable to observe how the appellee may profit by this conclusion to the extent either of canceling a debt not paid or standing upon an adjudication between mortgagees as in his favor for any surplus arising from the senior decree.

We conclude, therefore, that the circuit court erred in sustaining the appellee's demurrer to the appellant's cross-complaint, and the judgment is reversed, with instructions to overrule said demurrer.

Filed Jan. 15, 1895; petition for rehearing overruled April 4, 1895.