Howard, J.
The appellee held two mortgages executed by the relator upon .an eighty-acre tract of land. Both mortgages were foreclosed at the same time;, but there was a separate judgment rendered against the relator for the amount due the appellee in each case. For some unexplained reason, the appellee first *243 sued out an order of sale under his junior decree. At this sale he bid in the land for the amount of his junior judgment and costs, paying the costs to the sheriff and receipting for the amount of his debt. Thereupon the sheriff delivered to the appellee a certificate of sale. Afterwards the appellee sued out an order of sale under his senior decree. At this sale the attorneys for the relator bid $2,560.00 for the land, and appellee bid $2,561.00. The land was accordingly sold to appellee for the amount of his bid. Thereupon the appellee paid all costs to the sheriff and receipted to him for the amount of his senior judgment, leaving a balance of $1,221.82, which appellee paid over to the sheriff, and which was by the sheriff paid into the hands of the clerk of the court. The appellee also took from the sheriff a certificate of sale of the land under said senior decree.
The relator brought this action for payment to him of said surplus of $1,221.32, claiming that as owner of the land he was entitled to it under the statute, section 1118, Burns’ R. S. 1894 (1104, R. S. 1881). To the action so brought the appellee appeared, and filed his answer and cross-complaint, setting up in the cross-complaint his junior mortgage and decree thereunder, and asking that such surplus be applied in part payment of the amount due thereon. To this cross-complaint the court sustained a demurrer; but the judgment was reversed. Clapp v. Hadley, 141 Ind. 28, 50 Am. St. 308.
On the return of the case to the trial court, the relator answered the cross-complaint, admitting the material facts as therein set out, but averring that the proceedings in the two sales disclosed the payment in full of the amount due on both decrees and the consequent release of both the senior and the junior lien, and also, that the fair cash value of the land was *244 largely in excess of principal, interest and costs on both judgments.
The facts were found by the court, with conclusions of law in favor of appellee, and judgment was rendered accordingly.
The finding of the court shows, what is also clear from the record, that the debt due appellee on his junior mortgage has not been paid. The question to be decided, therefore, is whether the surplus in the hands of the clerk, paid in on the sale under the decree foreclosing the senior mortgage, should be applied in part payment of the amount due appellee on his junior mortgage, or whether it should be turned over to the relator as owner.
It is clear that the court has decided this question correctly. Indeed the question is. hardly debatable, under the holdings of this court on the first appeal. There we decided that the purchase under the junior decree was not effective to satisfy the debt secured by the junior mortgage, so as to bring the relator, as owner, within the statutory provisions as to the surplus left after the senior sale. This conclusion necessarily followed from the fact that the purchase under the senior decree extinguished any claim under the junior purchase which could ripen into title to the land. That, too, must be the decision at this time. The senior decree, while establishing the priority of the senior mortgage lien to the land, did not, of course, extinguish the junior decree. The relator remained indebted to the appellee on the junior decree just the same as he was before the senior lien upon the land had displaced the junior lien. And although the junior lien on the land was displaced by the senior lien, the junior lien was not thereby lost, provided there were any proceeds arising from the land upon which that junior lien could rest. There were, as we *245 have seen, such proceeds in the surplus left of the amount bid on the senior sale, and this to an extent sufficient to satisfy about one-half of the indebtedness evidenced by the junior decree. From the decision on the former appeal, sustained as it is by reason and by authorities, it is very clear, we think, that the relator, as owner, could receive no part of any surplus, but what might remain after satisfying the liens in the order of their priority.
It also follows that the court did not err in refusing to hear evidence as to the fair cash value of the land. For the purposes of the decrees and the satisfaction of the liens, the value of the land was that which was bid for it at the sheriff’s sale. Bowen v. Van Gundy, 133 Ind. 670, at p. 676. The only exception to this would be where it was shown that the true value of the property was so grossly out of proportion to the price for which it was sold that it might be inferred that there was fraud in the transaction. That is not the case here. Sowle v. Champion, 16 Ind. 165, and note; Kerr v. Haverstick, 94 Ind. 178; 22 Am. and Eng. Ency. Law, 680, and cases cited in notes. Besides, in case land sells for less than its value at foreclosure sale, the statute provides a year for redemption, during which time any considerable difference between the value and the selling price may be protected by such redemption.
Other questions discussed by counsel are, as we think, sufficiently covered by what we have said.
The judgment is affirmed.