WHITE ET AL. *v.* SHIRK ET AL.

[No. 2,596. Filed July 1, 1898.]

COMPLAINT.—*Action Against Sheriff.— Payment of Liens out of Order.* —A complaint against a sheriff to recover the surplus remaining from the sale of real estate under a foreclosure proceeding which alleged that plaintiff was the holder of a certificate of purchase of such real estate at a prior foreclosure sale thereof under a junior mortgage, and that such surplus was paid to a judgment creditor whose lien was junior to plaintiff's lien, is not bad for failing to state the name of the owner of the land at the time of the decree of foreclosure of the junior mortgage, or the mortgagor, where it was alleged that certain parties named were defendants in such proceeding, and that plaintiff became the purchaser of the real estate at the sheriff's sale, and which also alleged that plaintiff was a party to the foreclosure of the senior mortgage, and that it was therein decreed that plaintiff held the next oldest lien on the real estate. *pp. 590-592.*

LIENS.—*Priority.—Satisfaction,—Sheriffs.—* Where the writ under which a sheriff made a sale of real estate contained notice that plaintiff's lien was second to that of the person for whom the sale was made, it was the duty of the sheriff to apply the surplus arising from the sale to the satisfaction of such lien without demand. *pp. 592, 593.*

SHERIFFS.—*Foreclosure Sales.— Misapplication of Surplus.*—Where the writ under which a sheriff's sale of real estate was made stated the name of the person holding the next oldest lien, the sheriff is liable on his official bond for the application of a surplus arising from such sale to another judgment lien junior to that of the person named in the writ. *pp. 593, 594.*

From the Tipton Circuit Court. *Affirmed.*

*Waugh, Kemp & Waugh,* for appellants.

*Gifford & Coleman,* for appellees.

COMSTOCK, J.—Suit on sheriff's bond. Appellants severally demurred to the complaint, which demur-

rers the court overruled, and appellants refusing to plead further, judgment was rendered against them on demurrer.

The only question presented by this appeal under the assignment of errors is the sufficiency of the complaint. The complaint, in substance, alleges that at the dates mentioned therein, appellant White was the duly elected, qualified and acting sheriff of Tipton county, Indiana, and that his co-appellants were sureties on his official bond, which bond was in the usual statutory form; that on the 26th day of May, 1894, one John B. Reider obtained a decree of foreclosure of a mortgage executed August 23, 1893, in the Tipton Circuit Court, on the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 31, township 23 N., range 5 E., in said county, in a certain action wherein said Reider was plaintiff and Eli W. Cloverdale and Mary M. Cloverdale, his wife, were mortgagor defendants. On the 26th day of August, 1895, plaintiff purchased said real estate at the sale by said sheriff, under said foreclosure, for the full amount of the principal, interest, and costs, paying therefor $707.00, receiving from the sheriff a certificate of purchase; that on the 7th day of March, 1896, Robert, William, and John Pickens and Abraham Kemp obtained a judgment and foreclosure against said lands in the sum of $825.00 in said Tipton Circuit Court on a mortgage executed by said Cloverdale and wife to one Anna Openheimer, December 29, 1890. Plaintiffs were parties defendants to the foreclosure proceedings of Pickens *et al.* of said Openheimer mortgage, which had been sold and assigned to said Pickens *et al.* prior to said foreclosure, and in the decision rendered in said cause it was decreed that the claim of said plaintiffs was in the form of a sheriff's certificate, and the right of redemption decreed within the year as against the decree in favor of said

Pickens *ct al.*, which was for the sum of $823.66 and costs.   Afterward, to wit, on the 16th day of May, 1896, said real estate was sold to satisfy the judgment and decree in favor of said Pickens *et al.* against Cloverdale *ct al.*, by said sheriff, said Kemp being the purchaser for $1,163.34.   At the date of the last sale referred to, said Pickens *et al.* had caused to be issued and placed in the hands of the said sheriff an execution on a personal judgment recovered December 14, 1893, in favor of said Robert, William, and John Pickens and Abraham Kemp against said Cloverdale. After the payment of the judgment on the Openheimer mortgage, there remained in the hands of said sheriff, derived from said sale, the sum of $300.00, which said sheriff applied to the satisfaction of the execution issued on the personal judgment in favor of Pickens *et al.* against said Cloverdale, and refused to apply the same upon their claim by virtue of the certificate of purchase.   Plaintiffs further averred that the said land had never been redeemed from their purchase of the same on the said Reider foreclosure, and that on the said 26th day of May, 1896, plaintiffs presented the said certificate of purchase to the sheriff of said county and received from him a deed of conveyance to the said land; that they took possession immediately thereafter and still remain in the possession of the same; that said sheriff issued to said Kemp a certificate of purchase, and that plaintiffs, in order to protect their rights, will be compelled to redeem from said sale, paying said Kemp the full amount of his bid, together with 7 per cent. interest from the date of purchase; that there had been a breach of the conditions of said bond in the failure of the sheriff to pay the plaintiffs the sum of $300.00 in his hands as sheriff, which these plaintiffs were entitled to by reason of holding the next oldest lien upon

the real estate described in the plaintiff's complaint to the one upon which the said $300.00 was redeemed.

Appellants' learned counsel insist that the law does not require the sheriff to pay over said surplus to appellees upon the grounds assigned as a breach of the bond, and that a liability upon any other ground would not avail appellees. The latter part of the proposition is of course correct. Appellants' counsel claim that the complaint is bad because it does not state who was the owner of the land when Reider obtained his decree of foreclosure, nor who executed the mortgage, nor that a decree was issued on said judgment. The complaint states that said Cloverdale and wife were parties to the foreclosure, and that plaintiff's (appellees) became purchasers of said real estate at sheriff's sale, etc. The complaint alleges, too, as above set forth, that appellees were parties to the proceedings in which the Openheimer mortgage was foreclosed and that the court, in the order made therein, decreed that they held the next oldest lien on said real estate, evidenced by the certificate of said sheriff, and that they had the right to redeem within the year. These averments were sufficient without setting out all the steps by which that lien was acquired. The right to, and priority of, liens are the matters in controversy.

It is further contended that the complaint is insufficient because it does not aver that said sheriff was notified that appellees had a lien on the land to the payment of which they claim the said excess should have been applied, nor that any demand was made upon him for the money; that without said notice it was the duty of the sheriff to apply said surplus to the payment of the junior execution in his hands at the time of the sale. Citing section 774, Burns' R. S. 1894 (762, Horner's R. S. 1897). The writ under which

he made the sale contained notice of appellees' rights as lien holder. These rights had been adjudicated, of which rights the writ informed the sheriff. It was his duty to apply the money realized from the sale upon the proper writ.

The objections, which we have been considering, to the complaint, we regard as technical rather than meritorious. The controlling question presented by the appeal is contained in the proposition of appellants counsel that the law did not require the sheriff to pay over said surplus to appellees. In *Clapp* v. *Hadley*, 141 Ind. 28, a party held two mortgages of different dates on the same land, given by the same person, and foreclosed them on the same day, in the same court, neither decree containing any reference to the other. He caused the land to be sold on the decree foreclosing the junior mortgage, purchased it himself, paid the costs and receipted in full for the amount of the decree. A few days later he caused the same land to be sold on the decree foreclosing the senior mortgage, bought in the land, but the amount of his bid exceeded the amount due him on the decree. The mortgagor claimed the surplus. The court held that the mortgagee was entitled to the surplus in an amount equal to the amount of the decree on the junior mortgage. In the course of the opinion the court says, page 30: "In the recent and well considered case of *Robertson* v. *Van Cleave*, 129 Ind. 217, it was held that the holder of a certificate of purchase under a junior lien was not an owner, but that he was a lienor with the judgment, under which he purchased as the basis of his lien. See, also, *Jewitt* v. *Tomlinson*, 137 Ind. 326. We conclude, therefore, that appellant's junior lien was not extinguished, as against the appellee, though it was required to surrender priority

to the senior decree and purchase.  *  *  *  If there had been other and still younger liens, their holders could not, in good conscience, have asked to supersede the appellant's junior lien in the distribution of the surplus arising from the sale under the senior lien." See, also, *Hart* v. *Wingart*, 83 Ill. 282; *West* v. *Shryer*, 29 Ind. 624.

We think the foregoing case decisive of the question before us. The sheriff misapplied the money in question by paying to one not entitled thereto. The money should have been applied to the next oldest lien. His writ, informing him of the lien of appellees, no demand from them was necessary before the commencing of the suit, he having already, in violation of his official duty, made a wrong application of the money. See, also, *State, ex rel.*, v. *Clapp*, upon second appeal, 147 Ind. 244. Judgment affirmed.