THOMAS *v.* O'CONNELL'S ESTATE.

[No. 17,042.   Filed November 10, 1942.]

*Stuart, Devol, Branigin & Ball,* of Lafayette, and *Fraser & Isham,* of Fowler, for appellant.

*George W. Kassabaum* and *Charles S. Siferd,* both of Monticello, for appellee.

STEVENSON, J.—The appellant filed a claim against the appellee estate to recover $3,500.00, alleged to have been overpaid by the appellant to William K. O'Connell during his lifetime.

The claim filed alleges in substance the following facts: The appellant alleges that, prior to June 31, 1923, he was the holder of a certain promissory note in the principal sum of $6,000.00, secured by a mortgage on certain real estate. This note the appellant sold and transferred by endorsement to the said William K. O'Connell. The maker of this note failed to pay the same when due, and William K. O'Connell brought suit thereon, and recovered a judgment against the appellant as endorser in the sum of $7,475.70.

The appellant avers that from this judgment he prayed an appeal, and, while said appeal was pending, appellant entered into an agreement with the said O'Connell whereby the apellant agreed to dismiss this appeal in consideration that O'Connell would permit

him to pay the judgment debt in installments over a period of time. This appeal was accordingly dismissed, and the appellant avers that he made substantial payments on this judgment beginning March 6, 1924, and continuing to March 25, 1932. These payments were sufficient in amount to substantially pay and discharge the judgment debt and were not credited thereon by the said William K. O'Connell. The claim further alleges that on February 3, 1931, the said O'Connell caused an execution to be issued on said judgment, and the sheriff sold the claimant's residence property for the sum of $3,000.00, which amount overpaid the obligation due and owing the appellee in a large amount. The appellant accordingly seeks to recover the amount so overpaid on the judgment debt.

A demurrer was addressed to this claim on the ground that said claim did not state facts sufficient to constitute a cause of action. In support of this demurrer, the appellee contends that whatever overpayment the appellant made was voluntary on his part, and, therefore, cannot be recovered.

The court sustained this demurrer, and the appellant excepted to such ruling and refused to plead further. Judgment was rendered against the appellant who then prayed an appeal. The appeal was granted, perfected, and the error now assigned is the alleged error in sustaining the demurrer to the appellant's claim. The only question presented by this appeal is whether or not moneys obtained from a sale on execution of the judgment debtor's property and retained by the judgment creditor constitute at law a voluntary or involuntary payment. Both parties to this controversy agree that if the funds derived from the sale of appellant's property on execution operated as an overpayment of the obligation due, such overpayment cannot be re-

covered by the appellant, if such payment is deemed in law a voluntary payment.

It is our opinion that funds applied to the payment of judgment debts, derived from sales on execution, do not constitute voluntary payments.

We recognize the rule contended for by the appellee that money voluntarily paid, under no mistake of fact, and without fraud or imposition upon the party paying it, cannot be recovered, although it was not legally due, and our Supreme Court has held that:

". . . it makes no difference that the money was paid under compulsion of legal process; it may still be lawfully retained by the party receiving it, if there were no fraud on his part and no undue advantage taken by him of the situation of the other party." *Hollingsworth* v. *Stone* (1883), 90 Ind. 244, 247.

There is substantial authority to the effect, however, that:

"The payment of a judgment on execution is not voluntary and does not operate as a waiver of the right to restitution. A person under such circumstances is not required to submit to seizure or distress of his property to preserve his right to compel restitution." *Anderson* v. *Border* (1930), 87 Mont. 4, 11, 285 P. 174.

In the case at bar, however, the appellant paid no money. His property was levied upon by the sheriff and sold, and the proceeds of the sale were retained by the judgment creditor, the appellee's decedent herein. The claim alleges that the proceeds derived from this sale were more than sufficient to pay and satisfy the judgment debt. The question, therefore, in its last analysis, is whether or not this surplus derived from the sale of the debtor's property

may be recovered by him.  The rule is well established in such cases that:

> " 'Where money is wrongfully and illegally exacted, it is received without any legal right or authority to receive it; and the law, at the very time of payment, creates the obligation to refund it.' (*Bank of United States v. Bank of Washington*, 6 Pet. (U. S.) 8, 8 L. Ed. 299.)"  *Anderson v. Border, supra.*

In this case, the appellee, as a judgment creditor, was only entitled to retain from the proceeds derived from the sale on execution of the appellant's property, such a sum as was required to pay and satisfy the judgment debt.  Any sum received from the sale of the debtor's property in excess of the amount legally due upon the judgment was wrongfully exacted by the appellee and received by him without any legal right.  Such a surplus belonged, both in law and equity, to the judgment debtor.  Such surplus the judgment creditor cannot now withhold on the theory that it has been voluntarily paid. *Clapp* v. *Hadley* (1894), 141 Ind. 28, 39 N. E. 504.

It is provided by statute in this State that where property shall be sold on execution for more than will satisfy the judgment debt the sheriff shall pay the overplus to the execution debtor, unless otherwise notified. § 2-3916, Burns' 1933.

It is our opinion, therefore, that the appellee's decedent, William K. O'Connell, was not entitled, either in law or equity, to retain from the funds derived from the sale on execution of the appellant's property more than a sum sufficient to pay and satisfy the balance due upon a judgment debt.  Any surplus so remaining may be recovered from him and constitutes a valid claim against his estate.

The court was accordingly in error in sustaining the appellee's demurrer to the appellant's claim.  For this

error the judgment of the trial court is reversed, with instructions to overrule the appellee's demurrer to the appellant's claim and for further proceedings consistent with this opinion.

Judgment reversed.

NOTE.—Reported in 44 N. E. (2d) 516.