DAVIS *v*. PATTERSON.

Opinion delivered January 20, 1930.

*McKay & Smith, John Bruce Cox* and *C. E. Wright*, for appellants.

*G. Earl Shaffer, Alvin D. Stevens* and *Joe Joiner*, for appellees.

KIRBY, J. (after stating the facts). Appellants insist that the court erred in limiting the terms of the drilling contract between Haskell and Hoffman, assigning one-half of seven-eighths of the oil produced to the payment of the specified consideration for drilling the wells to a period of two years. The provisions of the contract relating to the payment of the consideration are as follows:

"In consideration of the drilling of the above described wells, and each of them, the party of the first part agrees to assign, and does hereby assign, to the party of the second part one-half of seven-eighths of all the oil that may be produced and saved from the wells to be drilled under this contract, except the well located in the E½ of E½ of SE¼, section 23, township 15 south, range 20 west, to this extent, to-wit:

"In consideration of the drilling of the above described wells, except the two wells located in section 22, township 18 south, range 19 west, and in section 19, township 14 south, range 22 west, the party of the first part agrees to pay the party of the second part the sum of $10,500 for each of said wells, and agrees and binds himself to furnish and deliver at the location of said wells all necessary 10-inch and 6 5/8-inch, and all other necessary casing, and to erect the derricks for wells, for which he shall have credit upon the price of any such wells, the sums thus accruing to P. L. Hoffman for each of said wells to be paid out of one-half of seven-eighths of the first oil produced and saved from said wells, and the party of the first part agrees to assign to the party

of the second part, and does by these presents assign to the party of the second part, one-half of seven-eighths of all oil that may be produced and saved from said wells located in section 24, township 15 south, range 20 west, until the said party of the second part shall have been paid out of such oil $10,500 for each of said wells, less any amount credited to the party of the first part for casing and derricks furnished under this contract.''

''As a further consideration for the drilling of said wells, the party of the first part agrees that, in the event the party of the second part has not received full payment for all wells drilled under this contract out of one-half of seven-eighths of the first oil produced and saved from said wells, as above provided, within two years from this date, to pay to the party of the second part the amount then remaining due or unpaid on the price of said wells under this contract.''

Appellant Davis, assignee of the drilling contract, took the place of, and succeeded to, all Hoffman's rights to receive the compensation agreed to be paid for drilling the wells. There is no need for the application of rules of construction for ascertaining the intention of the parties from the contract made, when the meaning of the contract is clear and unambiguous. This contract provides the amount that shall be paid for the drilling of the wells, makes an assignment of one-half of seven-eighths of the oil produced for the payment of the amount of the consideration specified for drilling the wells, and in its last clause provides: ''As a further consideration for the drilling of said wells, the party of the first part agrees that in the event the party of the second part has not received full payment for all wells drilled under this contract out of one-half of seven-eighths of the first oil produced and saved from said wells, as above provided, within two years from this date, to pay to the party of the second part the amount then remaining due or unpaid on the price of said wells under this contract.''

It is conceded that full payment had not been made to Hoffman of the amount agreed to be paid for drilling the wells out of the part of the oil produced and saved within two years from the date of the contract, as provided therein, and it is not claimed that he or his assignee had been paid the amount earned for drilling the wells under the terms of the contract, but only that his right to payment out of the production of such oil was limited to two years, and thereafter he could only recover the balance due from the party of the first part in the contract, or his successors to the leasehold. There is no expression in the contract disclosing the intention to limit the payment for the wells out of specified portions of the oil produced and saved to any particular time, the contract providing only for payment of one-half of seven-eighths of all the oil produced and saved from the wells drilled, until the said party of the second part shall have been paid out of such oil $10,500 for each of said wells.

The last clause of the drilling contract provided no forfeiture or limitation of the right of the contractor to the consideration agreed to be paid, but only an additional method for payment of the balance due him for drilling the wells, as a further consideration for the drilling, if the full amount earned had not been received or paid by one-half of seven-eighths of the oil produced and saved from the wells at the end of two years. It is true that the party of the first part, the owner of the leases, had the right to pay the contractor or his assignee the amount remaining due on the price of the wells under the contract, if it had not been paid out of the oil produced and saved at the end of the two years, and the contractor could have insisted upon such payment at that time without losing his right to continue to receive one-half of seven-eighths of the oil produced from the wells drilled until he was fully paid the amount still due. It was the payment of the consideration for the wells drilled as agreed that terminated the con-

tractor's right to receive payment under the contract, in accordance with its terms, and the undisputed testimony shows that the balance had not been paid.

Neither do we find anything in the record to support appellee's contention that the conduct of Hoffman, or his assignee, had given the contract a particular construction inconsistent with or different from its plain meaning, as expressed therein. Nor is there any merit in appellee's claim that the chancery court had construed the contract in accordance with their contention here as a limitation on the contractor's right to receive the portion of oil in payment for the drilling of the wells to a period of two years, or that the question is concluded or *res judicata* by the decree not appealed from. He recites the decree rendered on another judgment of that court, appointing another receiver as follows:

"And it appearing to the court that under the terms of said contract that said P. L. Hoffman was to receive one-half of seven-eighths of the oil produced and saved from certain lands described in said contract for a period of two years, and said two years have already expired, and there still being an indebtedness due the said Hoffman under said contract, it is hereby adjudged and decreed by the court that the said P. L. Hoffman shall continue to receive one-half of seven-eighths of the oil produced and saved from the premises and leases described in said contract until he has received the amount adjudged to be due him by the court, or until further orders of this court."

The decree does recite that under the terms of the contract that it appeared that Hoffman was to receive one-half of seven-eighths of the oil produced and saved from certain lands described in the contract "for a period of two years, and said two years have already expired," but it also recites, "and there still being an indebtedness due the said Hoffman under said contract,

it is hereby adjudged and decreed by the court that the said Hoffman shall continue to receive one-half of seven-eighths of the oil produced and saved from the premises and leases described in said contract until he has received the amount adjudged to be due him by the court or until further orders of this court.'' The court did not, however, indicate, and certainly did not hold in this statement, that the contract provided the contractor should only receive one-half of seven-eighths of the oil produced and saved from the lands for a period of two years, but did say the two years had already expired. It also finds an indebtedness still due Hoffman under the contract, and adjudged and decreed that Hoffman shall continue to receive one-half of seven-eighths of the oil produced and saved from the premises and leases described in said contract until he has received the amount adjudged to be due him by the court. There is not only nothing inconsistent in this decree with the contractor's right to receive the oil in payment of the amount due for drilling the wells, but it is an express adjudication that he shall continue to receive the oil produced and saved from the premises until he receives the amount adjudged to be due him, regardless of the fact that the two years had already expired, being an adjudication, in fact that the two years was not a limitation of his right to continue to receive the oil until he was fully paid for the drilling. It follows that the court erred in construing this contract otherwise than in accordance with its plain meaning, as expressed therein, adjudging that the contractor's assignee had no right to receive the consideration due under the contract after the two years had expired, nor any right of preference in the disposition of the proceeds of the lands sold for payment of the debts. The parties all being before the court, it had the right to order a sale of the property, free of all claims, liens and incumbrances, for disposition of the proceeds among the parties entitled thereto upon proper

adjudication of their rights. Then, too, appellant Davis asked a sale of the property, subject to his rights however. 2 Tardy's Smith on Receiver's, 1798; *State* v. *Superior Court of King County,* 128 Wash. 253, 222 Pac. 492; *Pilliod* v. *Angola R. & Power Co.,* 46 Ind. App. 719, 91 N. E. 829; *First Natl. Bank* v. *Powell Bros.,* 128 La. 961, 55 So. 590; *In re Gimbel,* 294 Fed. 883.

The court erred also in holding the balance of the compensation due under the Hoffman contract to be a common claim and not entitled to preference. He had the right to receive under the terms of the contract, of which he was assignee, one-half of seven-eighths of all the oil produced and saved from the wells drilled until he was fully paid the amount agreed to be paid as consideration therefor, and this without deduction for any expense of producing and saving the oil, so far as is disclosed by the record. He was entitled therefore to have the property sold to satisfy his claim, if the appellees had ceased to operate the leases and produce oil, and to the satisfaction of this indebtedness against the property of the appellees, from which the oil was produced by the drilling of the wells under the terms of the contract, and, necessarily, the right to preference in payment of his claim out of the proceeds realized from the sale of the property free from all other claims, liens and incumbrances, and the court erred in holding otherwise. The appellant, Davis, could have protected his rights by bidding on the property sold enough to provide for payment of his claim, or have received the whole property from which the oil was to be produced, if others had not increased the bid, and would in no wise have suffered injury from the sale order.

The decree will be reversed for the errors designated, and the cause remanded with directions to render a decree for payment first of appellant's claim for balance of compensation due for drilling the wells under the driller's contract assigned to him, and for distribution of the remainder of the proceeds of the sale in ac-

cordance with the principles of equity and not inconsistent with this opinion. It is so ordered.